MARY D. RAU v.
CREST FIBERGLASS INDUSTRIES AND ANOTHER.

148 N. W. (2d) 149.

January 13, 1967—No. 40,070.

*Quinlivan, Quinlivan & Williams* and *Richard Quinlivan,* for relators.
*Roger J. Nierengarten,* for respondent.

ROGOSHESKE, JUSTICE.

Certiorari to review a decision of the Industrial Commission awarding compensation upon the finding that an employee's injury arose out of and in the course of her employment.

The employee, Mary D. Rau, was injured in a two-car collision on August 24, 1962. At that time she was admittedly employed as a book-keeper and was also serving as secretary-treasurer of Crest Fiberglass Industries, a corporation which she and her husband, Marvin, had recently organized and of which they were the sole shareholders. The cor-

poration manufactured fiberglass boats in a garage at St. Joseph near St. Cloud. Its business records were kept at the family residence on 33rd Avenue North in St. Cloud. It employed one or two employees at the garage. Marvin Rau, who served as president, worked evenings, being otherwise regularly employed during the day. Mrs. Rau's employment by the corporation was in addition to her duties as a housewife and mother of four children, ranging in age from 18 months to 10 years. At the time of her injury she was expecting their fifth child.

A bank in St. Cloud, located on Division Street some 15 blocks south of the family home, had loaned money to the corporation which was due. For some time prior to Mrs. Rau's injury, the bank had carried on negotiations to obtain additional security for the loan by seeking an assignment of a conditional sales contract between the corporation, as vendor, and the purchaser of a boat. Since the purchaser was a minor, the bank wanted a cosigner. On the evening before the accident, the sales contract was cosigned by the purchaser's brother and Mr. Rau so informed the president of the bank, who requested that the contract be delivered to the bank. Mr. Rau instructed his wife to do so as she customarily performed such business errands. The next morning, August 24, after returning from taking her husband to work about 8 a. m. and after performing household duties, she left the family home about 11 a. m., taking the sales contract with her. She testified she drove to the Swan Cafe in Waite Park, located 1½ to 2 miles west of the bank on Highway No. 52 (also known as Division Street in St. Cloud). After having a sandwich, she continued west 2½ blocks from the cafe on the same street to a liquor store, where she purchased a bottle of brandy. Turning about and returning east on Division Street, she drove a distance of 1½ to 2 miles to the bank at 41st Avenue and Division Street to deliver the contract. She talked to the bank president (who was expecting her) about the loan and the contract, remaining there 15 to 20 minutes. She left about noon and continued driving east on Division Street to 35th Avenue, where she intended to turn left, or north, in the direction of her home, which, as noted, was 15 blocks north and 2 blocks east on 33rd Avenue. As she turned left, the collision resulting in injuries to her person occurred.

Mrs. Rau testified that she intended to drive north on 35th Avenue a few

blocks and then turn right, or east, on Third Street to 33rd Avenue, thence north to her home. She stated that this was her usual route home because of reduced traffic on 35th Avenue and to avoid the hazard of a wide-open parking lot on 33rd Avenue and Third Street. Previously at a trial of her personal injury action in district court, she had testified that she used this route only "occasionally" and that she intended to stop at a drive-in on 35th Avenue for hamburgers for her children. At the hearing before the referee she testified, "I probably would have got some hamburgers. I don't know. I was going home."

Affirming the referee's finding, the commission unanimously found that Mrs. Rau's injuries "arose out of and in the course of her employment." In our opinion the decision is not manifestly contrary to the evidence nor did the commission ignore the applicable rule relating to dual-purpose errands as outlined in Kaplan v. Alpha Epsilon Phi Sorority, 230 Minn. 547, 42 N. W. (2d) 342.

The employer-insurer's complaint of a failure to make more specific findings as to the "dominant" purpose of the trip rather than finding the ultimate fact of a work-related injury does not justify a remand where the commission has made clear the factual basis for its decision and no application for more specific findings was made to the commission prior to the appeal. Ruud v. Minneapolis St. Ry. Co. 202 Minn. 480, 279 N. W. 224.

Under the dual-purpose test formulated by Mr. Chief Justice Cardozo in Matter of Marks v. Gray, 251 N. Y. 90, 167 N. E. 181, accepted by most jurisdictions and alluded to in our prior cases,[1] a trip which includes both personal and business errands remains a business trip for compensation purposes if the evidence supports a permissible inference that the work of the employee created the necessity for the trip which would have been made even though the private errand had been dropped. Conversely, if the work of the employee had no part in creating the necessity for the trip and it would have been made if the business errand was dropped, and the trip would have been canceled only upon failure

---

[1] Kaplan v. Alpha Epsilon Phi Sorority, 230 Minn. 547, 42 N. W. (2d) 342; Lindell v. Minnesota American Legion Pub. Co. 208 Minn. 415, 294 N. W. 416.

of the private purpose, the trip and the risks are personal. In short, it is sufficient to place the risk of injury on the employer if it is established that the business mission was a concurrent cause of the trip even though the personal motives for making the trip when weighed against the business motives appear "dominant" in the sense of returning greater benefits to the employee. 1 Larson, Workmen's Compensation Law, § 18.13.

Although the commission did not specifically so find nor emphasize the issue in its memorandum, it did conclude that the injury occurred during a business rather than a personal trip, stating that "the testimony is practically uncontroverted that the employe proceeded to the bank on company business." Applying the dual-purpose test we must agree that the evidence adequately supports a reasonable inference that the employee's work and the need to promptly deliver the contract to the bank created the necessity for the trip, which would have had to be made even if it had not coincided with her stopping for lunch, purchasing a bottle of brandy, and getting hamburgers for the children. The business purpose of the trip, although not the sole cause, was at least a concurrent cause and not a mere incident to her personal activities.

Once the business character of the trip is established, an injury occurring during the course of the trip is compensable unless the injury occurs while upon a detour undertaken for purely personal purposes. Falkum v. Daniel Starch & Staff, 271 Minn. 277, 135 N. W. (2d) 693; 1 Larson, Workmen's Compensation Law, § 19. On the issue of whether there was a personal detour or deviation, treated by the commission as most critical, the commission concluded that the employee was injured before her intended deviation took place on the basis that the evidence showed several alternative routes from the bank to her home and that she had not yet begun her detour for the purchase of hamburgers before the accident occurred. The fact that an employee contemplates a future personal deviation does not transform the business character of the trip where the injury occurs before the intended deviation begins. Oestreich v. Lakeside Cemetery Assn. 229 Minn. 209, 38 N. W. (2d) 193.

Both issues are issues of fact, determined in this case upon varying inferences which could be drawn from the evidence. We cannot try the issues de novo nor can we justifiably say that the inferences drawn are

unreasonable and manifestly contrary to the evidence. Respondent is allowed $250 attorney's fees in this court.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.