JOYCE A. WAALK v. TONKAWOOD CONSTRUCTION COMPANY, INC., AND ANOTHER.

232 N. W. 2d 19.

August 1, 1975—No. 45000.

---

*Jardine, Logan & O'Brien, Alan R. Vanasek,* and *Eugene J. Flick,* for relators.

*Lifson, Kelber, Abrahamson, Breuning & Weinstein* and *Michael A. Hatch,* for respondent.

PER CURIAM.

Relators seek review of a decision of the Workmen's Compensation Commission awarding respondent widow's and dependent's benefits for the death of her husband, challenging the commission's finding that the employee's death arose out of and in the course of his employment. We affirm.

Decedent was employed as a field superintendent on relator's condominium construction project in Rochester, Minnesota, and stayed in Rochester during the extended period of construction. His permanent home was in Anoka, Minnesota, and he regularly returned home on weekends, as he intended to do on the weekend of his death.

One of the employee's duties as field superintendent was to pick up needed materials for the construction project. This duty necessitated special trips to the Twin Cities area from time to time. He had made two such trips the week before his death.

The weekend of the employee's death was the widely advertised "Grand Opening" of the condominium models, but, as of 5:30 p. m. on June 9, 1973, two models were not completed due to lack of finishing materials. Local sources of at least one of the needed materials, rough-sawn cedar, had been exhausted. These materials were thought to be available at a Minneapolis supplier, which was open on weekends. Employer's president acknowledged that on the morning of June 9, 1973, he had told the employee to acquire the necessary finishing materials, some of

which he knew were unavailable in the Rochester area. The sales manager of the project, who was the last person to see decedent before he left the project, testified that their final conversation included a discussion of where in the Twin Cities the needed materials might be purchased. The commission could well find, therefore, that employee intended to purchase the cedar and other materials at one of those locations in conjunction with his contemplated weekend trip to Anoka.

Relator's reliance on Funk v. A. F. Scheppmann & Son Const. Co. 294 Minn. 483, 199 N. W. 2d 791 (1972), is misplaced, since, despite superficial similarity, they are distinguishable by one determinative fact. The employee in Funk, similarly employed in construction projects in Iowa for his employer in Okabena, Minnesota, frequently commuted to his home in Worthington, occasionally going to the employer's plant for work-related purposes. Unlike the instant case, however, there was no evidence raising any reasonable inference that there was any necessity or understanding for him to do so on the weekend of his death. A finding of work-related purpose there, unlike here, was wholly speculative.

The basis for the commission's award is the "dual-purpose" doctrine adopted in Rau v. Crest Fiberglass Industries, 275 Minn. 483, 485, 148 N. W. 2d 149, 151 (1967), in which we said:

"Under the dual-purpose test formulated by Mr. Chief Justice Cardozo in Matter of Marks v. Gray, 251 N. Y. 90, 167 N. E. 181, accepted by most jurisdictions and alluded to in our prior cases, a trip which includes both personal and business errands remains a business trip for compensation purposes if the evidence supports a permissible inference that the work of the employee created the necessity for the trip which would have been made even though the private errand had been dropped. Conversely, if the work of the employee had no part in creating the necessity for the trip and it would have been made if the business errand was dropped, and the trip would have been canceled only upon

failure of the private purpose, the trip and the risks are personal. In short, it is sufficient to place the risk of injury on the employer if it is established that the business mission was a concurrent cause of the trip even though the personal motives for making the trip when weighed against the business motives appear 'dominant' in the sense of returning greater benefits to the employee. 1 Larson, Workmen's Compensation Law, § 18.13."

We hold that the record fully supports the application of the above doctrine in this case.

Respondent is allowed $350 attorneys fees.

Affirmed.