DAVID A. NELSON v. LUTHERAN MUTUAL LIFE INSURANCE COMPANY AND ANOTHER.

249 N. W. 2d 445.

November 19, 1976—No. 46453.

*Fitch & Johnson* and *Raymond W. Fitch,* for relators.

*Carroll, Cronan, Roth & Austin, Thomas A. Foster,* and *John A. Doyle,* for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Certiorari to review a decision of the Workers' Compensation Board awarding compensation upon the finding that 'an employee's injury arose out of and in the course and scope of his employment.

The employee, David A. Nelson, an insurance salesman, was injured at or about 11 p. m. on February 1, 1974, when his car was involved in a single car accident at a place admittedly en route to his home. He petitioned for compensation claiming the accident arose out of and in the course and scope of his employment with the employer-relator. A compensation judge's finding that the injury did arise out of and in the course and scope of his employment was affirmed by the board. Benefits were allowed, including reimbursement of substantial sums paid by employer's hospitalization insurance company for medical and hospital services rendered for treatment of the injuries. The employer and its insurer seek this review.

A summary of the facts presented a situation where a young man is employed as a life insurance salesman. Admittedly he is not doing well financially. The employee wrote a letter to his employer indicating he was resigning his position. Two days later he spent the day working in the shoe store of a person to whom he had for some time tried to sell insurance, and by whom in prior years had been employed in the retail sales of shoes. That evening he again visited with this person. Insurance was discussed. He was found several hours later in his car, apparently en route to his home, badly injured. Due to his injuries he has no recollection of events of the day of the accident or of its occurrence. Insurance business records and undelivered policies were found in the car. Relator kept the employee listed as an employee for about a year after the accident.

The relators on the other hand urged that there was no evidence that the employee performed any work of any nature for employer-relator on the day of the accident. The person whom the employee spent the day with was never listed as a prospect for insurance. He was a former employer of the employee, and the fact that the employee worked for him that day was to ingratiate himself for consideration of a position selling shoes sometime in the future.

The board had before it conflicting evidence. The fact that the relator continued respondent as an employee for about a year after the accident detracts from any inference that the employee had effectively resigned prior to the accident. The presence of business records and undelivered policies in the car were supportive of the findings. Also there

was some evidence that respondent did talk about insurance on the day of the accident. The test is not so much whether employee performed any work for the employer on the day of the accident, as whether the injury arose out of and in the course and scope of his employment. Rau v. Crest Fiberglass Industries, 275 Minn. 483, 148 N. W. 2d 149 (1967). The use of a car was not only permissible but was a necessity in carrying out his work. Some time back it was held in Johnson v. Crane Co. 210 Minn. 519, 299 N. W. 19 (1941), that "travel by an employee and its incidental risks are in the course of employment when the employer creates the necessity for such travel." Similarly where a traveling salesman resigned from his position while away from his home on company business and the resignation was accepted, the employee was held to be within the protection of the compensation act when injured on his way home. Howlett v. Midwest Distributors, Inc. 202 Minn. 247, 277 N. W. 913 (1938).

Whether the employee spent most of the day in an effort to sell insurance, or to seek future employment, or both, raises questions of fact. Under all the circumstances, it may seem more reasonable to infer that the employee was seeking future employment, not selling insurance on the day in question. The board did not so conclude. It has been long established that when the trier of the facts has a choice between conflicting evidence or diverse inferences may be drawn from the evidence, its conclusion must stand unless manifestly and clearly contrary to the evidence. Manley v. Harvey Lumber Co. 175 Minn. 489, 221 N. W. 913 (1928). There being substantial evidence to support the findings of the compensation board, its decision must be affirmed. Minn. St. 15.0425 (e).

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.