Doris TITUS, Widow of Donald F. Titus, Deceased Employee, Respondent,

v.

FOX CHEMICAL COMPANY, INC., et al., Relators.

No. 46862.

Supreme Court of Minnesota.

April 22, 1977.

---

2. The pictures depict, as no testimony could, the severity of the beating defendant and her companion administered to the child, and they reveal the nature of other bruises and scratches on the child's body and thereby aided the jury in assessing defendant's claim that she had never beaten the child severely before and had not intended to this time.

Hansen, Dordell & Bradt and J. Mark Catron, St. Paul, for relators.

Norton, Jergens, Hebert, Cass & Jepsen, and J. E. Cass, Stillwater, for respondent.

PER CURIAM.

Relators, Fox Chemical Company, Inc., and Great American Insurance Company, seek review of a decision of the Workers' Compensation Board [1] awarding respondent dependency compensation for the death of the employee, Donald F. Titus. Relators challenge the finding that Titus' death arose out of and in the course of employment. We affirm.

Employee was the vice president in charge of research for Fox and its only sales person. He frequently called on customers in the evening and often took them to lunch or dinner. He was killed about 6 p. m. December 10, 1974, while on his way to a restaurant in Robbinsdale to dine with a Fox customer and another friend for whom employee and the customer were sponsors in an Alcoholics Anonymous group. The three were to attend a weekly meeting of the group in Robbinsdale at 8 p. m. The customer said, however, that their main object in going to the restaurant was to discuss business during their dinner and that if they had not had business to discuss, the men would have met at the Alcoholics Anonymous meeting. Employee had also arranged to call on another customer in Osseo that evening, apparently either before or after the meeting. After the accident employee's automobile was found to hold chemicals and other products manufactured by Fox.

On these facts, the Workers' Compensation Board found that the dual-purpose test stated in *Rau v. Crest Fiberglass Industries*, 275 Minn. 483, 485, 148 N.W.2d 149, 151 (1967), and more recently in *Waalk v. Tonkawood Const. Co., Inc*, Minn., 232 N.W.2d 19, 20 (1975), was met, requiring the finding that the accident arose out of and in the course of employment. Although relators contend that employee's personal motives of carrying out activities related to the Alcoholics Anonymous meeting compelled his trip to the restaurant, the evidence does not permit that inference. Rather, it permits the inference that employee would have gone to the restaurant for business purposes if there had been no Alcoholics Anonymous meeting that evening.[2] The challenged finding that his death was work related thus has sufficient evidentiary support, and the decision awarding respondent compensation is affirmed.

Respondent is allowed $350 attorneys fees.

Affirmed.

---

1. Now the Worker's Compensation Court of Appeals. L.1976, c. 134, § 78.

2. Employee's wife testified that when he had no business appointments employee would come home for dinner before going to AA meetings. In the report of injury filed by Fox with the Department of Labor and Industry, Fox' president said the accident had occurred while employee was "enroute to dinner engagement with clients."