Jerome A. STOTZ, Respondent,

v.

SABIN BROTHERS, et al., Relators.

No. 47316.

Supreme Court of Minnesota.

Aug. 5, 1977.

---

Cousineau, McGuire, Shaughnessy & Anderson, and Robert J. McGuire, Minneapolis, for relators.

Abrams & Spector and Richard B. Abrams, Minneapolis, for respondent.

PER CURIAM.

Certiorari on the relation of Sabin Brothers and its compensation insurer to review a decision of the Worker's Compensation Court of Appeals awarding compensation to employee, Jerome Stotz, for disability resulting from work-related injuries. The only significant issue is whether, as relators contend, the compensation court improperly disregarded the report of a neutral medical examiner. We hold that it did not and affirm.

Employee, a construction worker, was forced twice to jump some 8 feet to the ground when a 10-ton roller he was attempting to load onto a trailer began to tip. He felt pain in both feet and legs, and in the second jump he fractured his right heel. Although the fracture ultimately healed, employee has had continuing disability. He has pain in his feet, legs, and lower back, walks with a "twist," and cannot stand or walk for more than a short time.

Relators paid employee compensation for temporary total disability for more than a year and also for a 20-percent permanent partial disability of the right foot. Thereafter employee filed a claim petition seeking additional compensation. The compensation judge found that employee was still temporarily totally disabled and had sustained a 50-percent permanent partial disability of the right foot and ankle and an undetermined amount of permanent partial disability to his left foot, both legs, and back. He awarded compensation accordingly. On appeal, the compensation court appointed a neutral examiner in order to obtain more medical information. After receiving the examiner's report, the court affirmed and adopted the findings of the compensation judge. In this court relators contend that these findings ignored the neutral examiner's report and that if appropriate weight is given to that report the findings made lack evidentiary support.

Relators' argument ignores the fact that the compensation court as trier of fact must determine the weight to be given the neutral examiner's report in the same way it evaluates other evidence. Minn.St. 176.155, subd. 2, provides that the report is competent evidence of the facts stated therein, and we have recognized that in deciding a fact issue the compensation court may—and very likely will—adopt the alternative which the report tends to support. *Miller v. Young, Inc.,* 279 Minn. 273, 156 N.W.2d 243 (1968). But the report is not necessarily and invariably decisive of an issue when other competent evidence will permit a different finding. In this case the record contains such evidence.

The expert medical witnesses expressed conflicting opinions on the extent and cause of employee's disability. Dr. Harry G. Miller, the treating physician, and Dr. Elmer Salovich, an orthopedic specialist testifying for relators, agreed that employee had sustained a 20-percent permanent partial disability to his right foot and that they could not causally relate employee's other problems to the work incidents. Dr. Miller was of the opinion that the condition of employee's feet prevents him from performing any work except sedentary work and that in

view of his other problems he is totally disabled. Dr. Robert Wengler, an orthopedic surgeon testifying for employee, said that he sustained a 50-percent permanent partial disability of both the right foot and ankle because the fracture had extended into the subtalar joint (the joint below the ankle which permits inversion and eversion of the foot) and had narrowed it. Dr. Wengler found loss of motion in this joint because of the narrowing and the development of arthritis in the area. The doctor said that because of the loss of subtalar motion, employee's walking requires accommodation by the ankle joint. Dr. Wengler was also of the opinion that the pain in employee's other foot, legs, and back results from the altered gait caused by the condition of his right foot.

The resolution of conflicting testimony of medical experts is for the compensation court as the trier of fact. *Dauphine v. City of Minneapolis, Dept. of Public Welfare,* Minn., 249 N.W.2d 463 (1977); *Ginsberg v. Pratt's Express Co.,* 273 Minn. 345, 141 N.W.2d 511 (1966). The opinions of Dr. Wengler and of Dr. Miller which were accepted by the court, the testimony of employee, and that of an employment expert who testified that employee was unemployable in his community because of age, lack of skills, and physical limitations furnish a sufficient evidentiary basis for the findings challenged by relators.

Nevertheless, the compensation court decided to obtain additional medical evidence if possible and appointed the Mayo Clinic as a neutral examiner, asking it for opinions on what medical conditions employee is suffering, the medical causal relationship of his condition to the injuries sustained in the work incidents, and the percentage of permanent partial disability employee sustained to his limbs. An orthopedist, a psychiatrist, and a specialist in physical medicine and rehabilitation examined employee and reported that they could not find a reasonable objective cause for employee's pain and disability and were unable to assign a percentage disability evaluation.

Relators contend that the report, which was not tested by cross-examination, does not support the compensation court's findings and does tend to support the opinions of Dr. Miller and Dr. Salovich with respect to the lack of causal relationship between employee's injuries and his disability. As the compensation court pointed out, however, the report stated only that the physicians who had examined employee were unable to determine the cause of his condition. It did not preclude the findings challenged by relators. Whether there was a causal relation between the work injuries and employee's disability was a fact question on which reasonable inferences could be drawn either way. Thus, the findings must be affirmed. *Ginsberg v. Pratt's Express Co., supra.*

There is no merit in relators' claim that the evidence did not warrant an award under Minn.St. 176.101, subd. 3(17), for permanent partial disability both to employee's right foot and his right ankle.

Employee is allowed $350 attorneys fees.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.