**Richard A. SMITH, Respondent,**

v.

**CIVIC CENTER CHRYSLER, et al., Relators.**

**No. 48243.**

Supreme Court of Minnesota.

Aug. 4, 1978.

Bell, Stapleton & Nolan and Peter J. McCall, St. Paul, for relators.

Robins, Davis & Lyons, and Arnold M. Bellis and John G. Brian, III, St. Paul, for respondent.

PER CURIAM.

Civic Center Chrysler and its compensation insurer seek review of a decision awarding Richard Smith compensation for temporary total disability from August 23, 1976, to December 14, 1976, and continuing.[1] The sole issue is whether the finding that employee is temporarily totally disabled has substantial evidentiary support in view of the entire record. We conclude that it has.

Employee, an automobile body repairman and painter, sustained injury to his low back in the course of his employment on May 2, 1972. He was temporarily totally disabled for almost 4 weeks, for which he received compensation. He then returned to work but by November 1972 his back was so painful he was forced to quit and again consulted his doctor. A myelogram revealed no disc defect, but his pain continued and in May 1973 a partial hemilaminectomy revealed a protruded disc which was then removed. The surgery caused only temporary improvement in his condition, and employee testified that he is never entirely free from pain in his back which radiates into his legs, particularly the right one. Since November 1972 employee has not

1. The history of employee's attempts to obtain compensation since December 1972 is an involved one. His claim petition filed then to obtain compensation for temporary total disability was disposed of in September 1973 by the parties' agreement to entry of an award of medical expenses and compensation based upon a finding that employee had been temporarily totally disabled from November 25, 1972, to August 10, 1973.

In February 1974 he filed a second claim petition alleging continuing temporary total disability. Relators denied liability, but after a hearing on July 30, 1974, the compensation judge found that employee had been disabled from August 10, 1973, to the date of the hearing and that his disability was continuing. He was awarded compensation accordingly, which was paid until November 1975 when relators filed a notice of discontinuance. Employee objected thereto and in February 1976 an award was entered approving and ordering resumption of payments pursuant to the parties' stipulation that they be resumed but that relators did not waive any right to contest continuing payment of benefits. In August 1976 relators again filed a notice of discontinuance, effective August 23, 1976, to which employee again objected. After a hearing on December 14, 1976, the compensation judge found that employee had continued to be temporarily totally disabled since August 23, 1976, to the hearing date and that his disability was continuing. The decision of the Workers' Compensation Court of Appeals which affirmed and adopted that determination is challenged here.

worked except for a self-employment venture between August 1973 and August 1974 in which, with assistance from the Division of Vocational Rehabilitation, he made and sold ceramic objects. Because of his pain he could work only a few hours a day. His wife did most of the work and their profits were minimal, so they ultimately gave up the venture and she obtained employment. At the hearing in December 1976 employee testified that he has muscle spasms in his back and pain which radiates into his legs, particularly the right one, which will sometimes "give out." He said that sitting aggravates his condition and that he rests three or four times a day for 45 minutes or more to prevent his pain from becoming more intense. A counselor from the Division of Vocational Rehabilitation also testified that employee had been unable to spend a full day at a time when tested for vocational skills in September and October 1976 and that the consensus of the staff was that he would not be employable until he had found some way of dealing with his pain.

Minn.St. 176.101, subd. 5, provides that an injury "which totally incapacitates the employee from working at an occupation which brings him an income constitutes total disability." As relators recognize, we have interpreted this provision to mean that a person is totally disabled if his physical condition, in combination with his age, training and experience, and the type of work available in his community causes him to be unable to secure anything but sporadic employment resulting in an insubstantial income. *Schulte v. C. H. Peterson Const. Co.*, 278 Minn. 79, 153 N.W.2d 130 (1967). Relators insist, however, that the objective findings obtained by myelograms and physical examination do not support employee's claim of disability and further contend that the medical testimony requires a finding that he is able to find and hold a job.

Their first claim ignores the facts that employee's condition indisputably originated in a physical injury which has result-ed in some degree of permanent partial disability of the back and that the medical experts agree that it is also a result of emotional factors related to the injury which are not capable of objective measurement.[2] Their second contention is based largely on the testimony of Dr. John Beer, an orthopedic surgeon, and of Dr. Loran K. Pilling, a psychiatrist, both of whom testified in relators' behalf and expressed the opinions that employee could return to his former occupation or perform other useful fulltime jobs. It ignores the contrary opinions expressed by employee's surgeon, Dr. John E. Larkin, who said that employee's former occupation would cause him more pain than he can now tolerate and that ideally any job employee obtained would permit him to vary his hours depending on his symptoms and to take time off when his pain worsened. Resolution of the conflicts in the opinions of these medical experts was for the compensation court as trier of fact. *Stotz v. Sabin Brothers*, Minn., 257 N.W.2d 359 (1977). Relators' claim also ignores the testimony of employee and of the vocational counselor with respect to his condition and employability.

It is unnecessary to detail the evidence further. We are satisfied that the finding of employee's temporary total disability has substantial evidentiary support in view of the entire record.

Relators' final claim, that employee was required to seek employment, is answered by our recent decision in *Scott v. Southview Chevrolet Co.*, Minn., 267 N.W.2d 185, filed June 16, 1978. We note, however, that Dr. Pilling, an expert in the study of pain, was of the opinion that therapy of several months' duration would be beneficial to employee. In our view, he would act in his own best interest if he would accept and persevere in such therapy.

Employee is awarded attorneys fees of $350.

Affirmed.

2. The psychiatrist who testified as relators' witness said that the litigation over employee's compensation claim was a factor contributing to employee's emotional state.