Eleanor M. ERICKSON, Respondent,

v.

BROWN & BIGELOW, et al., Relators.

No. 48841.

Supreme Court of Minnesota.

June 15, 1979.

Van Eps & Gilmore and George R. Benton, Minneapolis, for relators.

Ernest H. Steneroden, St. Paul, for respondent.

PER CURIAM.

Certiorari on the relation of the employer and insurer to review a decision of the Workers' Compensation Court of Appeals awarding employee compensation for continuing temporary total disability. Relators contend that the medical evidence did not justify a finding that employee's disability continued after May 6, 1976. We affirm.

Employee sustained a work-related injury to her back on January 20, 1976, after lifting and carrying 30-pound cartons for several hours. Relators admitted liability and paid employee for temporary total disability from January 21 to May 6, 1976. On that day they filed notice of intention to discontinue paying such benefits because Dr. Ronald Lampert, a board-certified orthopedic surgeon who examined employee on their behalf on April 21, 1976, had reported that she could return to her work. She objected to the discontinuance. After May 6, relators paid employee compensation for a 10-percent permanent partial disability of the back, based on the opinion of Dr. Richard Ivance, a board-eligible orthopedic surgeon who had been treating employee, that she had sustained such a disability. On August 2, 1976, relators filed a notice of intention to discontinue all compensation payments. Employee again filed an objection.

At the hearing on employee's objection to discontinuance, she testified that her back was very sore when she left work on January 20, 1976, her condition has not improved, and she has a constant backache, which becomes worse upon standing, walking, bending, and lifting. She said she intended to apply for Social Security disability benefits in July 1976 but was advised to apply for old age benefits because it would take considerable time to obtain disability benefits. She began receiving old age benefits in September 1976. She acknowledged that the employer had informed her that it would give her a job within whatever restrictions Dr. Ivance placed upon her and said that she had never sought to return to work because she could not perform any job because of back pain.

Dr. Ivance and Dr. Lampert agreed that employee had sustained a lumbosacral muscle strain. They agreed also that she did not have restricted motion or neurological abnormalities. Dr. Lampert said, however, that x-rays revealed an essentially normal lumbar back, while Dr. Ivance testified that they showed degenerative changes at the L5–S1 facet joints and some narrowing of

the L3–4 joint space. The witnesses also expressed contrary opinions about employee's ability to work. Dr. Lampert thought that she could return to work; Dr. Ivance thought that she could not perform any job, basing his opinion primarily on her complaints of back pain. He also said that when a person has strained muscles in his back, increased activity often makes it worse.

On this evidence the compensation judge determined that employee had not been disabled since May 6, 1976, and that she had voluntarily retired in July when she applied for Social Security. Upon employee's appeal, the court of appeals appointed Dr. Kenath Sponsel, also an orthopedic surgeon, as a neutral examiner.

After examining employee on October 13, 1977, Dr. Sponsel submitted a report stating that x-rays showed narrowing at L2–3 and L3–4, some arthrosis at the facet of L5–S1, and a moderate amount of osteoporosis. His diagnosis was that she had hurt her back lifting at her work, has a functional change in her back as a consequence of that injury, and has a 15-percent permanent partial disability. He concluded that she could function subject to these disabilities, adding:

> " * * * She could lift up to 10–15 pounds on occasion through the day. She could sit for half an hour to an hour. She might be able to stand and walk for 10–15 minutes at a time. * * * She might be able to do light assembly on sitting."

Neither employee nor relators requested cross-examination of Dr. Sponsel.

■ The court of appeals viewed the limitations Dr. Sponsel had enumerated as requiring the conclusion that employee is still temporarily totally disabled. Although relators claim that, on the contrary, Dr. Sponsel expressed the opinion that employee can work, the restrictions he placed on employee's activities are so substantial that the court of appeals' conclusion does not appear unreasonable. Dr. Sponsel's findings and opinions were obviously more compatible with those of Dr. Ivance than those

of Dr. Lampert. The court of appeals was required to evaluate the report of the neutral physician and to resolve the conflict in the opinions of the medical witnesses. *Stotz v. Sabin Brothers*, 257 N.W.2d 359 (Minn.1977). We are required to conclude that the finding that employee continues to be temporarily totally disabled has substantial support in the opinions of Dr. Ivance and Dr. Sponsel as well as in employee's testimony.

Nor do we see any reason to interfere with the implicit finding that employee did not voluntarily retire. The evidence on that issue reasonably permitted an inference either way; therefore, the court of appeals' determination must stand. *Nelson v. Lutheran Mutual Life Insurance Co.*, 311 Minn. 445, 249 N.W.2d 445 (1976).

Employee is allowed attorneys fees of $350.

Affirmed.