Joseph G. BRENNAN, Relator (C1-87-1682), Respondent (C7-87-1699),

v.

JOSEPH G. BRENNAN, M.D., P.A. and St. Paul Fire and Marine Insurance Company, Respondents (C1-87-1682), Relators (C7-87-1699).

Nos. C1-87-1682, C7-87-1699.

Supreme Court of Minnesota.

July 22, 1988.

Thomas A. Foster, Minneapolis, for relator.

Robert E. Salmon, C.D. Knudsen, Minneapolis, for respondents.

AMDAHL, Chief Justice.

By writ of certiorari, St. Paul Fire and Marine seeks review of that part of a Workers' Compensation Court of Appeals' decision reversing the compensation judge's finding that a back injury was not compensable. By separate writ of certiorari, Joseph G. Brennan seeks review of that part of the decision affirming findings with respect to the degree of permanency of a prior work-related back condition and the non-compensability of a heart condition. We affirm in part, reverse in part, and reinstate the decision of the compensation judge.

Joseph G. Brennan (hereinafter employee), is a dermatologist employed by Joseph G. Brennan, M.D., P.A. In 1957, the employee commenced a solo practice in "dermatologic surgery" and dermatology in Minneapolis. On September 17, 1976, the employee injured his low back while riding an elevator in Las Vegas where he was attending a medical conference. The employee returned to his practice and worked on a regular basis through March 16, 1979.

On March 16, 1979, the employee injured his low back in an automobile accident following a State High School Hockey Tournament game in St. Paul, the attendance of which the employee claimed was work-related. According to the employee, his insurance agent had invited him to watch the game and to discuss insurance and pension plans for the employee's professional association.[1] The agent picked the employee up at his home and drove them to the game in St. Paul. After the game, as they were leaving the parking ramp, the agent's automobile was rear-ended.

Following the March 16, 1979 back injury, the employee experienced a significant increase in his low back pain, and he maintained that this compelled him to reduce his practice. In January 1982, the employee applied for and began receiving social security retirement benefits. In March 1983, the employee began to experience chest pains, and on March 22, 1983, the employee underwent surgery at the Mayo Clinic for a quadruple coronary bypass.

The compensation judge found that the 1976 back injury did arise out of and in the course of employment and awarded compensation for a 7½% permanent partial dis-

---

1. Employee was the sole executive officer of this professional association.

ability. The compensation judge also found that the employee failed to establish by a preponderance of the evidence that the 1979 back injury arose out of and in the course of the employment. Specifically, the compensation judge found that the employee's attendance at the hockey tournament was primarily for personal recreation and that any connection to his employment as a practicing physician was extremely remote. The compensation judge also denied the employee's claim for a *Gillette*-type back injury (1979–1983) and for an alleged work-related heart disease. On appeal, the Workers' Compensation Court of Appeals affirmed all findings except that which related to the compensability of the 1979 back injury.

■ The primary issue presented for review in this case concerns the compensability of the 1979 back injury. As a condition precedent to recovery under the Workers' Compensation Act, an employee has the burden of showing that an injury arose out of and in the course of employment. *MacNamara v. Jennie H. Boyd Trust*, 287 Minn. 163, 166, 177 N.W.2d 398, 400 (1970); Minn.Stat. § 176.021, subd. 1 (1978).[2] Under the dual-purpose rule formulated by Chief Justice Cardozo in *Matter of Marks v. Gray*,[3] and adopted by this court in *Rau v. Crest Fiberglass Industries*,[4] a trip which includes both a personal and business errand remains a business trip for compensation purposes if the evidence supports a permissible inference that the work of the employee created the necessity for the trip which could have been made even though the private errand had been dropped. Conversely, if the work of the employee had no part in creating the necessity for the trip and it would have been made if the business errand was dropped, and the trip would have been cancelled only upon failure of the private purpose, the trip and the risks are personal. As this court stated in *Rau:*

> In short, it is sufficient to place the risk of injury on the employer if it is established that the business mission was a concurrent cause of the trip even though the personal motives for making the trip when weighed against the business motives appear "dominant" in the sense of returning greater benefits to the employee.

275 Minn. at 486, 148 N.W.2d at 151–52. 1 A. Larson, *The Law of Workmen's Compensation* § 18.12.–13 (1985).

■ In this case, the compensation judge found that, despite the employee's testimony to the effect that discussion of insurance was a concurrent cause of the trip to the hockey tournament, any business connection was remote. Implicit in this finding is that the employee's testimony as to the purpose of the trip lacked credibility. Assessment of witness' credibility is the

2. Minn.Stat. § 176.021, subd. 1 (1978) provides:
Liability for Compensation. Except as excluded by this chapter all employers and employees are subject to the provisions of this chapter. Every such employer is liable for compensation according to the provisions of this chapter and is liable to pay compensation in every case of personal injury or death of his employee arising out of and in the course of employment without regard to the question of negligence, unless the injury was intentionally self-inflicted or when the intoxication of the employee is the proximate cause of the injury. The burden of proof of such facts is upon the employee.
Personal injury is defined in Minn.Stat. § 176.011, subd. 16 (1978) as:
Personal Injury. "Personal injury" means injury arising out of and in the course of employment and includes personal injury caused by occupational disease; but does not cover an employee except while engaged in, on, or about the premises where his services require his presence as part of such service at the time of the injury and during the hours of such service. Where the employer regularly furnished transportation to his employees to and from the place of employment such employees are subject to this chapter while being so transported, but shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment.

3. 251 N.Y. 90, 167 N.E. 181 (1929).

4. 275 Minn. 483, 148 N.W.2d 149 (1976).

unique function of the trier of fact. *Spilman v. Morey Fish Co.*, 270 N.W.2d 781 (Minn.1978). We therefore reverse the Workers' Compensation Court of Appeals substituted finding that there was a business mission involved in the trip to the hockey tournament and reinstate the decision of the compensation judge. *See Gibberd v. Control Data Corp.*, 424 N.W.2d 776 (Minn.1988).

The employee has challenged the findings relative to the assessment of permanent partial disability to the back. Following review of the record, we have concluded that there is no basis upon which to disturb these findings. *Jacobowitch v. Bell & Howell*, 404 N.W.2d 270 (Minn. 1987). The employee has also challenged the findings concerning the non-compensability of his heart condition. We have concluded, however, that the denial of the claim in this case is consistent with *Klapperich v. Agape Halfway House, Inc.*, 281 N.W.2d 675 (Minn.1979).

Affirmed in part, reversed in part and decision of the compensation judge reinstated.

COYNE, J., took no part in the consideration and decision of this case.