Donald SAENGER, Relator,

v.

**LIBERTY CARTON COMPANY, et al., Respondents.**

No. 49018.

Supreme Court of Minnesota.

June 15, 1979.

Lewis & Spicer and Steven A. Muenzer, Minneapolis, for relator.

Taylor Law Firm by Elmer W. Foster, Jr., Minneapolis, for respondents.

SHERAN, Chief Justice.

Certiorari to review a decision of the Workers' Compensation Court of Appeals which, with one judge dissenting, determined that employee was not temporarily and totally disabled from and after August 16, 1977, but had removed himself from the labor market. We affirm.

Employee sustained a serious low back injury in 1942 while in the Marines. In 1950, several years after his discharge, he developed back pain and underwent a laminectomy which apparently was successful. After his recovery he returned to his work as a steel rule die maker, a job requiring much standing and some lifting, and lost no time from work although he had backaches in damp weather. In January 1976 he

twisted his back lifting some plywood and reported to the company doctor, who advised bed rest. Instead employee went to the Veterans Hospital to obtain medication for his pain but did not stop working. On February 7, 1976, while helping two other employees lift a 300-pound steel spool, he felt a sudden pain in his back, between his shoulders and down to his waist, so severe that it caused him to drop to his knees.

On the same day he went to the outpatient department at both the Veterans Hospital and Methodist Hospital and was told to rest. He also consulted his family doctor and on February 17 was admitted to the Veterans Hospital where he remained and was treated conservatively for a month. An electromyogram disclosed no abnormalities, but employee had developed a drop of his right foot, so on discharge he was given a brace for the right leg and a cane. He was also instructed about certain exercises for his back, was given medication, and was told nothing more could be done to treat his symptoms. He did not try to obtain work, and did not go to the Division of Vocational Rehabilitation for assistance because, he said, he had 50 miles to drive and could not do it. In October 1976 he moved to South Carolina. He receives social security and a disability pension of $750 a month from the Veterans Administration.

The employer-insurer paid employee temporary total disability benefits for 77 weeks, discontinuing them after an award had been made to employee for 25-percent permanent partial disability of the back and 30-percent permanent partial disability of the right leg pursuant to a stipulation dated August 16, 1977. Employee's objections to the discontinuance of compensation resulted in a hearing in January 1978 on the issue of whether he was entitled to continued temporary total disability benefits.

At the hearing employee testified that he can walk only a few blocks and that when he sits for more than a short time his legs become numb and he gets pain in his back. He denied that he had voluntarily retired and said there is no work he can do.

Dr. Meyer Z. Goldner, an orthopedic surgeon who examined employee several times, expressed the opinion that the incident on February 7, 1976, had caused a disc to bulge or protrude, resulting in a partial paralysis of the muscles in employee's lower right leg. The witness described employee's complaints as including pain in his back, numbness in his right leg, burning in his legs and feet, instability in both legs, discomfort in his neck, headaches, inability to lift, and difficulty in bending. In Dr. Goldner's opinion employee's condition had not changed at the time of the hearing, he needed the brace and cane, and he had been temporarily totally disabled since the incident.

Dr. David Johnson, a neurosurgeon, expressed the opinion that employee had sustained a musculoligamentous strain in his mid and low back which had been superimposed on a rather advanced degree of osteoarthritis. He said there was some evidence of irritation of the fifth lumbar and first sacral nerve roots since an electromyogram administered in September 1976 showed some evidence of damage in the right peroneal nerve. The witness also was of the opinion that the electromyogram suggested a functional or nonorganic component in employee's difficulty with his right foot and leg because other muscles innervated by the same lumbar root were normal. He said employee's right leg was not so weak as to require use of a cane. He thought the back injury sustained in 1942 had contributed significantly to employee's condition and rated him as having a 25-percent permanent partial disability of his back and a 10-percent permanent partial disability of his foot. In his opinion employee was not disabled from moderate types of work activity, including lifting and bending from time to time.

Employee was also examined in May and November 1977 by Dr. John A. Siegling, an orthopedic surgeon in Charleston, South Carolina. His reports to the employer-insurer, introduced in evidence by stipulation, stated that in his opinion employee had had chronic back trouble, making it difficult to determine how much his symptoms were

due to the work injury. He thought that employee's brace helped his foot condition and agreed that there was no weakness in his right leg so significant that employee needed a cane. It was Dr. Siegling's opinion employee had a 35-percent permanent partial disability of his back but was not totally disabled and was capable of work although not of heavy work nor repetitive lifting.

Dr. Johnson also recorded in his history that employee told him in September 1976 that he intended to retire and move to South Carolina. Dr. Siegling also reported that employee "had moved south, hoping to retire and get away from the cold of the north."

On this evidence the compensation judge found that employee had been temporarily totally disabled from August 16, 1977, to the date of hearing on January 11, 1978, and that his disability was continuing. The majority of the court of appeals disagreed, reversing this finding and substituting one which determined that employee has not been temporarily totally disabled since August 16, 1977, but had removed himself from the labor market.

Employee urges here that the finding made by the compensation judge was correct and should be reinstated. It is the decision of the court of appeals which we review, however, and its findings must be affirmed unless they are manifestly contrary to the evidence or unless consideration of the evidence and reasonable inferences permissible therefrom would clearly require reasonable minds to adopt a contrary conclusion. *Anderson v. Associated Milk Producers, Inc.,* No. 48811 (Minn.1979); *Grgurich v. Sears, Roebuck & Co.,* 301 Minn. 291, 223 N.W.2d 120 (1974). On the issue of whether employee continued to be temporarily totally disabled, the court of appeals had to assess the credibility of employee and to choose between the conflicting medical opinions. On the issue of whether he had removed himself from the labor market, that court had to choose between diverse inferences permissible from the evidence. Since we are compelled to conclude

that the challenged finding has substantial support in the evidence, we will not disturb it.

Affirmed.