Donald SAENGER, Respondent,

v.

LIBERTY CARTON COMPANY, et
al., Relators.

No. 81–933.

Supreme Court of Minnesota.

March 12, 1982.

Taylor Law Firm, Minneapolis, for relators.

John T. Anderson, Jr., Minneapolis, for respondent.

SIMONETT, Justice.

The employer and insurer seek review of an order of the Workers' Compensation Court of Appeals granting the petition of employee to vacate an order of the compensation judge dismissing his claim petition seeking benefits for permanent total disability and the decision of the Court of Appeals affirming the dismissal order. We affirm in part, reverse in part and remand to permit employee to furnish necessary evidence for reconsideration of his petition.

Employee sustained a serious work-related injury to his back in February 1976. Relators paid him compensation for temporary total disability for 77 weeks, discontinuing this compensation on August 16, 1977, when, pursuant to the parties' settlement, employee was awarded benefits for a 25% permanent partial disability of the back and a 30% permanent partial disability of the right leg. Employee's objection to discontinuance of the temporary total disability benefits ultimately resulted in a decision of the Court of Appeals filed May 17, 1978, denying his claim because of its finding that he was not totally disabled after August 16, 1977, but had then retired and withdrawn from the labor market. In *Saenger v. Liberty Carton Co.*, 281 N.W.2d 693 (Minn.1979), we affirmed on the ground that this critical finding had substantial support in the evidence.

Notwithstanding the determination that employee had retired after August 16, 1977, on October 10, 1979, he filed a claim petition alleging permanent total disability from May 18, 1978 (one day after the Court of Appeals' decision determining that he was not temporarily totally disabled after August 16, 1977). On May 16, 1980, the compensation judge dismissed the petition after determining that the finding of em-

ployee's voluntary retirement was *res judicata* and precluded further claims for total disability. On September 12, 1980, the Court of Appeals affirmed the dismissal on the ground that "the question of total disability was adequately explored" by the supreme court in *Saenger*.

On March 27, 1981, employee filed a petition requesting vacation of the decision of this court, the initial decision of the Court of Appeals, and the order and decision dismissing the claim petition seeking compensation for permanent total disability from May 18, 1978. Employee's petition alleged mistake of fact and a substantial change in his physical condition, namely, the development by March 10, 1981, of a drop foot in the left leg. The petition was supported by a medical report from Dr. Robert Wengler stating his opinion that this condition was a consequence of employee's industrial injury, had resulted in a 30% permanent partial disability of the left leg, and had rendered employee permanently and totally disabled. The Court of Appeals granted the petition after concluding that the issue of employee's permanent total disability had never been litigated. That court added that employee's claims for permanent partial disability not previously considered remained open.

In this appeal employer-relators urge reversal of this order, claiming that our decision of June 15, 1979, is *res judicata*, that employee has failed to present evidence supporting his claim of substantial change in his condition, and that the order and decision dismissing his claim for permanent total disability should not have been vacated in the absence of any showing by employee that he terminated his retirement and returned or attempted to return to gainful employment in the interim between August 16, 1977, and the time he claims to have become permanently and totally disabled—alleged in his claim petition to have been May 18, 1978, and suggested by his counsel in argument before the Court of Appeals to have been "from at least March of 1981 on."

We have held that except when "cause" exists under Minn.Stat. § 176.461 (1980) for setting aside an award, principles of *res judicata* "bar subsequent proceedings to determine claims which were litigated in a prior proceeding." *Alexander v. Kenneth R. LaLonde Enterprises*, 288 N.W.2d 18, 20 (Minn.1980). Those principles give finality, however, only to the factual determinations that, as of August 16, 1977, employee was not totally disabled and had then retired and voluntarily withdrawn from the labor market. They do not preclude employee from showing that since that date he has become totally disabled and that at some point after August 16, 1977, but prior to becoming totally disabled he decided again to obtain gainful employment and either did so or attempted to do so.

We must also reject relators' claim that employee failed to make a prima facie showing of cause for vacation of the dismissal order and the decision affirming it. The Court of Appeals has wide discretion in determining whether to vacate an award for cause pursuant to Minn.Stat. § 176.461 (1980), and the "cause" requirement is met by a showing of a substantial change in employee's condition. *See Maurer v. Braun's Locker Plant*, 298 N.W.2d 439 (Minn.1980). Since employee's petition alleged the development of a serious impairment which in combination with his prior disabilities may well render him totally disabled, we are satisfied that he has made a prima facie showing of a substantial change in condition by March 1981. If he had made a further showing that at some point subsequent to August 16, 1977, and prior to the time at which his condition allegedly became one of permanent total disability, he had obtained or attempted to obtain employment, the order under review could be affirmed in its entirety.

If his retirement status did not change after August 16, 1977, however, employee has sustained no reduction in earning capacity even if his physical disability has increased. Thus he would not be entitled to compensation for total disability, whether temporary or permanent in charac-

ter. *See,* Minn.Stat. § 176.021, subd. 3 (1980); *Findorff v. Pinkerton's Inc.,* 295 N.W.2d 373 (Minn.1980); *Joens v. Campbell Soup Co.,* 281 N.W.2d 695 (Minn.1979); *Saenger v. Liberty Carton Co.,* 281 N.W.2d 693 (Minn.1979). The record is silent with respect to employee's retirement status after August 16, 1977. Since he has not made a prima facie showing that this status did not continue, he has not established that his claimed permanent total disability is compensable. We are thus compelled to reverse the order vacating the order and decision dismissing his claim for such disability. However, we remand with directions that employee be permitted to furnish information concerning whether he obtained or attempted to obtain employment after August 16, 1977, and also information concerning the time at which he claims to have become permanently totally disabled. The Court of Appeals may then reconsider the petition in light of that additional information.

We affirm that portion of the order under review which permits employee to seek compensation for additional permanent partial disability. An employee is entitled to such compensation, whether or not he has retired, upon proof of the claimed disability. *See,* Minn.Stat. § 176.021, subd. 3 (1980).

Reversed in part, affirmed in part and remanded.