**Victor H. NIBBE, Relator,**

v.

**CITY OF ST. PAUL, (Self-Insured), Respondent.**

**No. 81–1105.**

Supreme Court of Minnesota.

June 4, 1982.

Reargument Denied July 19, 1982.

Robins, Zelle, Larson & Kaplan and John G. Brian, St. Paul, for relator.

Edward P. Starr, City Atty., and Beryl A. Nord, Asst. City Atty., St. Paul, for respondent.

SCOTT, Justice.

Employee seeks review of a decision of the Workers' Compensation Court of Appeals affirming a compensation judge's determination that his employer, the City of St. Paul, had properly discontinued payment of temporary total disability compensation on the ground that he had retired at

the age of 65. Having concluded that the underlying finding that employee had then retired lacks the requisite evidentiary support, we reverse.

Employee, who was born March 20, 1911, became a heavy equipment operator for the city in 1962. In the course of his work on January 17, 1975, he suffered a double hernia but attempted to postpone surgical repair until March 1976 when he would reach 65 and would then be required under the city's retirement policy to terminate his employment. His work caused him difficulty, however, and in November 1975 his supervisor suggested that he use his accumulated sick leave until March 20, 1976. In January 1976 employee underwent surgical repair of the hernias and shortly afterward developed thrombophlebitis in his right leg, a condition admittedly causally related to the surgery. He has been treated with an anticoagulant ever since but continues to have seriously clotted veins and is required to rest frequently during the day because of pain and swelling in the leg. By late 1979 he also developed serious nonwork-related arterial insufficiency in both legs and phlebitis in the left leg also following an attempted surgical procedure on that leg.

The city paid employee temporary total disability benefits from November 28, 1975, to August 24, 1979, but at that time filed a notice of discontinuance of those benefits on the ground that under *Saenger v. Liberty Carton Co.*, 281 N.W.2d 693 (Minn.1979) and *Joens v. Campbell Soup Co.*, 281 N.W.2d 695 (Minn.1979) employee was not entitled to such compensation because he had retired. Employee objected to the discontinuance.

At the subsequent hearing the city conceded that employee is totally disabled but again claimed that he had voluntarily retired and also contended that his work-related injury was not a substantial contributing factor in his present disability. The medical witnesses expressed contrary opinions concerning the latter claim, and the compensation judge resolved the conflict in employee's favor by finding that his work-related thrombophlebitis in his right leg is a substantial contributing factor in his total disability. He found also, however, that employee had intended to and did retire from the active labor market at the age of 65 and consequently was not entitled to continuing benefits after that date.

■ The employee appealed and the city filed a notice of review of the finding that employee's work-related leg condition is a substantial contributing factor in his disability. One member of the Court of Appeals concluded that this condition is an insignificant factor in employee's disability, but the majority of that court affirmed the finding. We have repeatedly recognized that resolution of conflicting medical evidence is the province of the trier of fact. *Fredenburg v. Control Data Corp.*, 311 N.W.2d 860 (Minn.1981). Nothing in the record before us offers reason to overturn this finding.

■ Employee urges, however, that the evidence does not support the finding of his retirement. In considering this issue we apply our often-stated rule that findings of the Court of Appeals must be affirmed unless they are manifestly contrary to the evidence or unless consideration of the evidence and reasonable inferences permissible therefrom would clearly require reasonable minds to adopt a contrary conclusion. Even under this restrictive standard, we have concluded that the finding that employee intended to and did retire from the active labor market at the age of 65 cannot stand.

The evidence on this issue establishes that, as stated, the city had a mandatory retirement policy which forced employees to terminate their employment at the age of 65. Employee was earning $282 a week and testified that he had intended to and "had to" work after he reached 65, "part-time, or some, as much as I could" because of the high cost of living. He had responded to a contact from the Public Employees Retirement Association in January 1982 prior to his hospitalization and had selected a pension option under which he would receive $288 a month at the age of 65. He had also consulted the Social Security Administration and had applied for social security ben-

efits which would bring him $174 a month. His entitlement to the PERA benefit is unaffected by work for private industry, and employee said that if he could have obtained work after 65 at wages high enough to disqualify him for social security payments he would have foregone those payments. There was also evidence that employee could have worked but for his disability. Ronald Kubes, a counselor for the Department of Economic Security, testified that private sector employers and the union to which employee belonged do not have a mandatory retirement age for heavy equipment operators. Kubes knew of some heavy equipment operators who had gone to work for private employers after retiring from public sector employment. He was also familiar with the labor market in the metropolitan area and expressed the opinion that employee could have obtained such work after reaching 65 if he were physically capable of performing it.

Consideration of this evidence suggests that only employee's application for social security benefits would permit an inference that he planned to retire at the age of 65. The reasonableness of that inference is highly doubtful in light of employee's testimony concerning his need for income and his intention to continue working, testimony we characterized in *Henry v. Sears, Roebuck & Co.*, 286 N.W.2d 720, 723 (Minn. 1979) as the "most relevant evidence" on the issue of whether a disabled employee has retired. The circumstances presented in *Saenger* and *Jones*, the decisions the city relied upon in discontinuing its compensation payments to employee, are entirely different from those presented here. In neither case was the employee forced to terminate his work by a mandatory retirement policy, and in both cases there was evidence of words or conduct which reasonably permitted an inference of voluntary retirement. In contrast, the employee here was required to retire at 65 and there was considerable evidence of his intention, need, and desire to work in private sector employment after he was required to stop working for the city. In our view, consideration of the evidence as a whole and the reasonable inferences permissible therefrom clearly requires reasonable minds to conclude that employee did not voluntarily retire from the active labor market at the age of 65. Accordingly he is entitled to continuing benefits for temporary total disability.

Employee is awarded attorneys fees of $400.

Reversed.