**Roger L. RORAFF, Respondent,**

v.

**STATE of Minnesota, DEPARTMENT OF TRANSPORTATION (self-insured), Relator.**

**No. 50373.**

Supreme Court of Minnesota.

Jan. 11, 1980.

Jeffrey B. Nelson, St. Paul, for relator.

Richard D. Beerling, Winona, for respondent.

John B. Lennes, Jr., St. Paul, for Minnesota Association of Commerce and Industry.

YETKA, Justice.

The sole issue in this appeal is whether the Workers' Compensation Commission may award attorneys' fees in a proceeding brought to recover medical expenses under Minn.Stat. § 176.135 (1978). A careful reading of Minn.Stat. §§ 176.135 and 176.-081 (1978) shows that the latter was intended to govern awards of attorneys' fees in

---

**16**

proceedings in which an employee is awarded disability compensation, but was not meant to apply to awards of attorneys' fees in proceedings brought solely to recover medical expenses. The authority to assess the costs of the latter proceeding, including attorneys' fees, is reasonably to be inferred from the language used in section 176.135, subdivision 1, which provides in pertinent part:

> The employer shall furnish such medical, chiropractic, surgical and hospital treatment, including nursing, medicines, medical, chiropractic, and surgical supplies, * * * as may reasonably be required at the time of the injury and any time thereafter to cure and relieve from the effects of the injury. * * * In case of his inability or refusal seasonably to do so the employer shall be liable for the reasonable expense incurred by or on behalf of the employee in providing the same.

Although the statute does not define "reasonable expenses incurred by or on behalf of the employee in providing the same," we believe that "reasonable expenses" was, in all likelihood, intended to include attorneys' fees for two reasons. One is that the words "reasonable expenses" would otherwise have little meaning. The statute obligates the employer to furnish medical treatment and supplies in the first sentence so this language clearly imposes an additional obligation to pay the additional reasonable expenses necessarily incurred by an employee who is required to commence a proceeding to obtain payment of the cost of his medical treatment and supplies. The other reason is that this construction furthers the basic purpose inherent in workers' compensation legislation, recognized in *Repo v. Capitol Elevator Co.*, 312 Minn. 364, 252 N.W.2d 248 (1977), of imposing on industry the cost of workers' injuries for which it is responsible.

To hold otherwise would require two separate proceedings—one to require payment of the medical expenses under section 176.-135 and a second under section 176.081 in an attempt to have attorneys' fees awarded.

Such an interpretation would tend to delay the results and increase costs and attorneys' fees to employers rather than reduce them.

We caution, however, that section 176.135 authorizes an award only of reasonable attorneys' fees, a requirement calling for a judicious exercise of discretion which takes into account as a practical limitation on the fees awarded the amount of the claim for medical expenses.

The respondent is also entitled to an award of $300 attorneys' fees on this appeal.

Affirmed.