Charles J. GREEN, Respondent,

v.

BOISE CASCADE CORPORATION,
self-insured, Relator.

No. C4–85–800.

Supreme Court of Minnesota.

Dec. 13, 1985.

Michael C. Jackman, Minneapolis, for relator.

Richard A. LaVerdiere, Hastings, for respondent.

WAHL, Justice.

Employee, a pipecoverer for the employer over a 35-year period, sought compensation for permanent partial disability allegedly caused by asbestosis. The compensation judge found that employee's work had exposed him to asbestos and that he has developed the occupational disease of asbestosis. After also finding, however, that employee had continued to perform his regular work at full wages to the date of the compensation hearing on February 3, 1984, the compensation judge found that "disablement" or "disability" of the employee had not yet occurred and determined that his claim for permanent partial disability benefits was premature. On employee's appeal, a divided Workers' Compensation Court of Appeals (WCCA) reversed and substituted findings that he had suffered disablement or disability as of February 4, 1982, and that it is not premature to make a permanent partial disability rating. In this court the employer seeks reversal, contending the WCCA's decision is contrary to law. We agree.

Minn.Stat. § 176.66, subd. 1 (1984), also in effect when employee's asbestosis was first diagnosed in December 1981, provides:

> The disablement of an employee resulting from an occupational disease shall be regarded as a personal injury within the meaning of the workers' compensation law.

In *Abram v. Art Goebel Ford,* 327 N.W.2d 88 (Minn.1982), *rev'd. on other grounds, Flowers v. Consolidated Container Corp.,* 336 N.W.2d 255 (Minn.1983), we construed "disablement" as used in this provision. We concluded, as had been the rule under a statutory definition prior to 1973, that disablement occurs when an employee cannot earn full wages at the work at which he or she was last employed. That inability to earn full wages must of course be due to the progress of an occupational disease.[1] *See, Radermecher v. FMC Corp.,* 375 N.W.2d 809 (Minn.1985).

The majority of the WCCA found, nevertheless, that employee had suffered

---

1. Employee's absence from work for a week in December 1981, necessitated so that the nature of his disease could be determined, was not due to the progress of the disease and thus was not a period of disablement.

disablement by February 4, 1982, based on evidence that the employer was put on notice by that date that employee had or might have asbestosis.[2] We are sympathetic to the WCCA's view that employers should be encouraged to offer modified jobs to employees who develop occupational disease. When an occupational disease results in compensable personal injury is a question to be resolved by the legislature, however, and at present it has not provided that an employee has suffered a compensable personal injury when he or she is advised by a doctor to avoid work involving further exposure to the hazard responsible for his or her disease—unless employee follows that advice and takes another job at reduced wages—or when he or she requests a job change.[3] Although we agree with the WCCA that the actions of an employer in placing an employee in the untenable position of choosing between unemployment or the continuation of exposure to a known hazard, appears unconscionable, this question, too, must ultimately be settled by the legislature. In other contexts, we have declined to extend the coverage of the Workers' Compensation Act in a manner probably not intended by the legislature. *See, Lockwood v. Independent School Dist. No. 877*, 312 N.W.2d 924 (Minn.1981); *Hendrickson v. George Madsen Const. Co.*, 281 N.W.2d 672 (Minn. 1979). The same restraint requires reversal in this case because employee has not suffered disablement within the meaning of Minn.Stat. § 176.66, subd. 1 (1984).

We remand for reinstatement of the findings and the determination of the compensation judge.

Reversed.

**2.** A medical report dated January 28, 1983, from Dr. Jack Shronts, who examined employee for the employer on December 29, 1982, summarizes an entry in an "Accident Case Record" from the employer's health department:

> On 2/4/82 [employee] was seen stating that he had been evaluated for asbestos related disease in Duluth. He also requested that he be allowed to change jobs.

The employer later was furnished copies of the reports of Dr. Charles Drage, who examined employee on September 14, 1982, and of Dr. Shronts.

**3.** Employee apparently discussed a job change with some person in the employer's health department, but he testified that he did not discuss it with his supervisors because he was afraid of losing his job.