William H. SCHROEDER, Relator,

v.

HIGHWAY SERVICES and Home Insurance Company, Respondents,

and

United of Omaha, Minnesota Department of Economic Security, Intervenors.

No. C9–86–1550.

Supreme Court of Minnesota.

April 3, 1987.

John C. Prian, III, St. Paul, for appellant.

Jerry Lindberg, Minneapolis, for respondents.

SIMONETT, Justice.

The compensation judge denied permanent total disability compensation, finding that the employee had retired from the labor market for nondisability reasons. The judge did, however, award the employee permanent partial disability compensation, finding that the employee suffered a 26% disability from an occupational disease. The Workers' Compensation Court of Appeals (WCCA) affirmed the denial of permanent total disability compensation

but reversed the award of permanent partial disability compensation. We affirm the first ruling but reverse the second.

Employee William H. Schroeder began working for employer Highway Services in June 1978, primarily as a mechanic on heavy equipment used in highway construction. This work was essentially seasonal, and Schroeder would receive unemployment benefits in the off season. Occasionally, Schroeder's job duties would require him to work in an inadequately ventilated shop where he was exposed to cement dust and welding fumes. By the latter part of 1978, employee was having increasing difficulty in performing his duties. Any exertion was tiring. By 1981, Schroeder was experiencing shortness of breath and coughing spells while at work.

On November 3, 1981, the employee was in an automobile accident at work. While no one was hurt in the accident, Schroeder says he immediately went to his supervisor and told him he had to quit. Schroeder says he told the supervisor that, "I can't take it any more," and that he felt tired and "all in." According to the supervisor, however, Schroeder had been preoccupied with a personal family tragedy, and, in the interests of safety, the employer felt it would be better if Schroeder did not work the rest of the fall season.

Apparently the employee began drawing unemployment benefits after November 3, 1981. Near the beginning of the 1982 construction season, the employee contacted the supervisor. While Schroeder contends he asked for a job, the supervisor was under the impression the employee was not interested in returning to work and was going to look into his union pension and retirement possibilities. Schroeder continued to draw unemployment compensation until it ran out, and he then applied for a union disability pension and social security benefits.

In November 1984, Schroeder was examined by Dr. Michael Neran, a pulmonary medical specialist, who diagnosed an obstructive lung disease. Dr. Neran believed the disease was caused by 30 years of smoking, but he also believed that the ongoing work exposure to fumes and dust significantly aggravated the lung condition. Dr. Neran assigned a 40% permanent partial disability to the whole body as a result of the lung disease. The employee was also examined by a physician for the employer and its insurer, who concluded that Schroeder's smoking was the sole cause of his disability and assigned a 15% permanent partial disability rating.

The compensation judge found that employee's lung disease was significantly aggravated by his work. Based on the medical evidence, including the fact that the employee was overweight, diabetic and suffering from hypertension, the compensation judge found that the employee had sustained a 26% permanent partial disability to the whole body from his lung disease. The judge awarded the employee permanent partial disability compensation of $34,170. Permanent total disability benefits were denied, however, because the judge found that Schroeder, who was 65 at the time of the hearing, had quit work in November 1981 for reasons unrelated to any medical condition he may have had, including lung disease.

On appeal, the WCCA affirmed (2 to 1) the compensation judge's findings, but reversed the award of permanent partial disability compensation. In this court, the employee claims (1) that the compensation judge and WCCA erred in finding that he voluntarily retired for nondisability reasons and (2) even if he had so retired, his injury is still compensable in that his disability prevents him from returning to his former job duties.

██ 1. Whether an employee has removed himself from the labor market is a question of fact, the resolution of which will not be disturbed on appeal unless manifestly contrary to the evidence. *See Saenger v. Liberty Carton Co.*, 281 N.W.2d 693 (Minn.1979). Here there was conflicting evidence from the employee and his supervisor. As the compensation judge also noted, the employee collected unemployment compensation until it expired and then ap-

plied for pension and social security benefits. Based on the record in this case, we conclude that the finding of voluntary retirement, as affirmed, is not manifestly contrary to the evidence. *See Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54, 61 (Minn.1984).

2. The WCCA reversed the compensation judge's award of permanent partial disability because Schroeder had retired for nondisability reasons and had suffered no wage loss. The WCCA relied on *Abram v. Art Goebel Ford,* 327 N.W.2d 88 (Minn.1982), and *Green v. Boise Cascade Corp.,* 377 N.W.2d 924 (Minn.1985). Recently, however, in *Moes v. City of St. Paul,* 402 N.W.2d 520 (Minn.1987), we held that recovery of permanent partial disability compensation is not dependent upon loss of wages but upon functional loss or impairment. In this case it is established that the employee's work significantly aggravated his lung disease; that as a result of the lung disease, the employee was unable to return to his previous work; and that the employee suffered 26% permanent partial disability. Pursuant to *Moes,* the employee is entitled to permanent partial disability compensation.

The decision of the Workers' Compensation Court of Appeals is affirmed in part and reversed in part; the decision of the compensation judge is reinstated.

Employee is awarded $400 in attorney fees.