Workers' Compensation Court
of Appeals

Craig A. SALMON, Respondent,

v.

WHEELABRATOR FRYE, (CONSOL-
IDATED PRINTING)
Employer-Relator,

and

Aetna Casualty & Surety Company,
Insurer-Relator,

and

Minnesota Department of Human
Services, et al., Intervenors.

No. C0–86–1081.

Supreme Court of Minnesota.

July 24, 1987.

Wayne J. Studer, Minneapolis, for Wheel-
abrator Frye.

Allen R. Webb, John Weinard, Jr.,
Bloomington, for Aetna Cas. & Sur. Co.
and Craig A. Salmon.

Minnesota Dept. of Human Services,
Benefit Recovery Section, St. Paul, inter-
venor.

## OPINION

WAHL, Justice.

Employer-relator Wheelabrator Frye
(Consolidated Printing) and insurer-relator
Aetna Casualty and Surety Company ap-
peal by writ of certiorari from a Workers'
Compensation Court of Appeals decision

allowing injured employee Craig Salmon to reapply for benefits. Salmon was injured in a work-related accident and was subsequently injured in a nonwork-related automobile accident. The compensation judge found an injury to the back from the work-related accident and awarded temporary disability benefits up until the date of the automobile accident, but held that the employee had not proved that the work-related accident was a substantial contributing cause of his disability after the date of the automobile accident. The Workers' Compensation Court of Appeals (WCCA), while affirming the finding of an injury to the back, held that no finding could be made as to whether the work-related accident was a substantial contributing cause of the disability after the date of the automobile accident, and that the issue of temporary disability benefits after the automobile accident should be subject to determination at a subsequent hearing and should not be barred by res judicata. We affirm.

Salmon, an employee of relator Wheelabrator Frye (Consolidated Printing), was injured at work on January 20, 1983, when he grabbed the rim of a 450–pound barrel of ink to keep it from falling off a dolly. That injury was found by the compensation judge to have arisen out of and in the course of his employment. The injury, in the neck or back area, was variously described by Dr. Dean Erickson, the company physician, Dr. James G. Mondo, Salmon's treating chiropractor, and Dr. Leonard Titrud, a neurosurgeon, as a musculoligamentous neck strain, as a cervical strain-sprain with associated brachial neuralgia and cervical disc syndrome, and as a cervical, thoracic and lumbosacral contusion and straining type of injury.

Salmon returned to work on February 7 and February 8, 1983, but was unable to continue because of the pain. He submitted disability slips from Dr. Mondo dated February 10, February 12, and February 28 and reported to employer on March 3, 1983, that he still could not come back to work. The employer terminated Salmon's employment on March 10, 1983. Dr. Mondo released him for light work in April, 1983. He returned to the employer ready to return to work within his physical restrictions but was told he no longer had a job there. He commenced a grievance proceeding and began looking for another job. He was unable to find other gainful employment, however, despite a reasonably diligent search and was still unemployed at the date of the workers' compensation hearing.

On September 25, 1983, Salmon received an injury in an automobile accident, an injury which was described by his treating chiropractor, Dr. Mondo, as a lumbosacral strain-sprain and an aggravation of the cervical spine injury of January 20, 1983. On March 28, 1984, Dr. Mondo dismissed Salmon from care for the injuries received in the automobile accident, declaring him asymptomatic of those injuries, but did not dismiss him from care for the work injury "due to the 10% permanent partial disability to his cervical spine as a result of that injury." Salmon did not see Dr. Mondo after March 1984, because, as the compensation judge noted, after that date he received treatment in the form of physical therapy instead of chiropractic treatment.

A hearing before the workers' compensation judge was held on August 9, 1984. The automobile accident first came to the attention of the court after the hearing, in the records of Salmon's chiropractor. The compensation judge wrote to the parties, inviting evidence, expert and lay testimony, about the automobile accident and about its relevance, if any, to the workers' compensation claim. Salmon submitted two reports from Dr. Mondo. The relators waived the right to cross-examine Dr. Mondo upon stipulation that Salmon had "not been treated by Dr. James Mondo for any condition since March 28, 1984," and did not submit any other evidence.

The compensation judge found that Salmon was temporarily totally disabled from February 9, 1983, through April 10, 1983, and temporarily partially disabled from April 11, 1983, through September 24, 1983, due to the work injury. He also found that Salmon was temporarily partially disabled from September 25, 1983, through August 9, 1984, and continuing, but that Salmon

had failed to prove the cause of this disability, and he denied benefits for the period beginning September 25, 1983.[1]

The WCCA affirmed the finding of the compensation judge that Salmon had established by a fair preponderance of the evidence that as a result of his January 20, 1983, work-related injury he was temporarily totally disabled for the period February 9, 1983, through April 10, 1983, and temporarily partially disabled April 11, 1983, through September 24, 1983. The WCCA also affirmed the compensation judge's finding that Salmon has remained temporarily partially disabled September 25, 1983, through August 9, 1984, and continuing but determined that no finding could be made "as to whether or not the personal injury of January 20, 1983 significantly and substantially contributed" to that disability because on September 25, 1983, Salmon had received another injury in a nonwork-related automobile accident. The WCCA held that Salmon was not barred from bringing a claim related to temporary disability from and after September 25, 1983.[2]

■ In reviewing a decision of the WCCA we view the facts in the light most favorable to the findings of the WCCA and will not disturb those findings unless they are manifestly contrary to the evidence. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 60 (Minn.1984). We will determine whether the WCCA was correct in setting aside findings of the compensation judge. Here the WCCA for the most part affirmed the findings of the compensation judge but set aside the portion of Finding 13 that "the employee has failed to prove by a fair preponderance of the evidence that the January 20, 1983 personal injury remained a significant, material and substantial contributing cause" of the employee's temporary partial disability from the date of the automobile accident to the date of the hearing and continuing. Was it manifestly contrary to the evidence for the WCCA to determine that this finding of the compensation judge was not supported by substantial evidence?

■ We are mindful that the employee has the burden of proof to show that a work-related injury caused his or her disability. *Kvernstoen v. Nelson*, 212 Minn. 102, 106, 2 N.W.2d 560, 562 (1942). It is not necessary, however, for the employee

1. The compensation judge found:

    13. The employee has remained temporarily partially disabled September 25, 1983 through August 9, 1984, and continuing, but the employee has failed to prove by a fair preponderance of the evidence that the January 20, 1983 personal injury remained a significant, material and substantial contributing cause of that temporary partial disability during that period.

    He commented in his opinion:

    Nowhere in the evidentiary record is there any factual information concerning what force the September 25, 1983 accident exerted upon the employee. * * *

    \* \* \* \* \* \*

    On the basis of the evidentiary record, to award temporary disability for the period from and after September 25, 1983 would be to base the award on impermissible speculation, since the reports of Dr. Mondo and the copies of his records do not provide a sufficient basis for the opinions stated by him that the January 20, 1983 injury caused permanent disability and that the September 25, 1983 injury did not.

2. The WCCA vacated Finding 13 of the compensation judge and substituted the following finding:

    13. The employee has remained temporarily partially disabled from September 25, 1983 through August 9, 1984 and continuing, but no finding can be made as to whether or not the personal injury of January 20, 1983 significantly and substantially contributed thereto because the compensation judge has discovered, after the hearing herein, that the employee was involved in an unrelated automobile accident on or about September 25, 1983.

    It also added to the order, following the compensation judge's dismissal of the employee's claim petition:

    9. The dismissal of the employee's claim petition herein is with respect only to claims to temporary disability to September 25, 1983 and shall constitute no bar to claims of the employee related to temporary disability from and after September 25, 1983.

    It commented in its opinion:

    The issue of temporary disability from and after September 25, 1983 should not become res judicata and should be subject to further pleading and determination at subsequent hearing before a compensation judge of the Office of Administrative Hearings.

to show that the work-related injury was the sole cause of the disability. It is only necessary to show that the injury was a legal cause, that is, an appreciable or substantial contributing cause. *Roman v. Minneapolis St. Ry. Co.*, 268 Minn. 367, 380, 129 N.W.2d 550, 558 (1964). The compensation judge found, and the WCCA affirmed, that the work injury was the sole cause of employee's temporary partial disability up until the date of the automobile accident, and there is no evidence in the record that it was less than an appreciable or substantial contributing cause thereafter. Nor was there evidence as to what effect, if any, the injury caused by the automobile accident had on the current disability. On this record there is not substantial evidence to support a finding that the work-related injury did not remain a substantial contribution to disability after the automobile accident. The WCCA correctly applied the *Hengemuhle* standard of review in setting aside the compensation judge's finding. Rather than substitute a finding on this crucial issue, however, the WCCA determined that a further hearing on this issue before a compensation judge was necessary, a decision well within its authority under the Workers' Compensation Act. Minn.Stat. § 176.441, subd. 1(2) (1984) (repealed 1986). Under these circumstances res judicata does not apply.

Finally, relators contend that Salmon's injury should have been characterized by the compensation judge and the WCCA as a neck or cervical back injury rather than simply as a back injury. There is substantial evidence in view of the entire record to support the finding of the compensation judge, as affirmed by the WCCA, that Salmon had suffered a personal injury to his back. While the finding could have been more specific, reasonable minds could differ on how to designate the injury. The decision of the WCCA is affirmed.

Affirmed.