**William A. TOLZMANN, Respondent,**

v.

**McCOMBS–KNUTSON ASSOCIATES and American Manufacturing Mutual Insurance Company, Relators,**

**and**

**Schoborg Land Surveying, Inc. and Employers Insurance of Wausau, Minnesota Dept. of Human Services, intervenor, Respondents.**

**Nos. C3–89–1106, C4–89–1096.**

Supreme Court of Minnesota.

Nov. 3, 1989.

Donald W. Anderson, Minneapolis, for appellant.

Paul L. Pond, Mound, for respondent William Tolzmann.

Dani Shimon, Minneapolis, for respondent Schoborg Land Surveying.

COYNE, Justice.

The Workers' Compensation Court of Appeals reversed by majority decision a compensation judge's denial of temporary benefits. We reverse and reinstate the decision of the compensation judge.

William A. Tolzmann had a fairly extensive history of low back problems before working for the employers involved in this workers' compensation matter. He had been in at least two motor vehicle accidents in which he injured his low back although apparently not seriously. In 1973 and again in 1982 he sought medical attention for his low back following strenuous activity; and from 1983 through August 1985, he sought chiropractic care for low back pain.

The employee started working for Schoborg Land Surveying, a small land surveying company in Delano, on March 7, 1986. On March 25, 1986, the employee saw a chiropractor for low back pain. The chiropractor's notes reflect that the employee had slipped and fallen while walking down a "big hill" that was muddy but frozen underneath. The chiropractor's notes did not indicate that the fall occurred at work.

The employee quit working for Schoborg Land on April 18, 1986; and on April 21, 1986, he started working for McCombs–Knutson, a surveying company in Plymouth. He was hired as a surveyor technician or "instrument man on a survey crew." Sometimes he "filled in" as crew chief. Apparently, as the summer progressed, the employee's back condition deteriorated. He lost no time from work, but he saw his chiropractor on a fairly regular basis. On November 18, 1986, the employee saw another chiropractor who ordered a CT scan which showed the employee had a herniation at the L5–S1 level of the vertebra. The chiropractor advised the employee to stop working and referred him to a neurosurgeon. The neurosurgeon performed a lumbar laminectomy at the L5–S1

level on December 2, 1986. The employee made no mention to either his neurosurgeon or his second chiropractor of a slip and fall incident in March 1986. He did tell them that his work at McCombs–Knutson involved heavy physical labor.

The employee filed a claim petition seeking workers' compensation benefits from McCombs–Knutson for an alleged *Gillette*-type [1] low back injury. McCombs–Knutson denied liability claiming that the employee's back disability did not arise out of the employment there. When counsel for McCombs–Knutson deposed the employee on April 3, 1987, the employee denied having prior low back problems or having injured his low back in any way before working for McCombs–Knutson.

In April 1987, apparently in response to an inquiry from employee's counsel, the employee's first chiropractor prepared and forwarded to counsel a summary of his treatment of the employee from June 1982 through July 1986. The summary indicated the employee had been working when he slipped and fell. This was the first notice the employee's counsel had of any work-related incident in March 1986. The employee then filed an amended claim petition adding to his claim for benefits the allegation that he had sustained a back injury arising out of and in the course of his employment by Schoborg Land.

The employee's amended claim petition came on for hearing before a compensation judge in May 1988. In regard to his allegation of a work-related slip and fall on March 25, 1986, the employee said he was in Eden Prairie with Paul Schoborg, owner of the company. They were staking an erosion-control fence. Around 10:00 a.m.[2] they were walking down a hill toward Schoborg's truck when the employee slipped and fell in the mud. Schoborg was ahead of the employee and did not see the incident; but, according to the employee, he told Schoborg about the incident and Schoborg helped him clean the mud off his clothing. To refute this testimony, the employer introduced into evidence the employ-

---

1. *Gillette v. Harold, Inc.*, 257 Minn. 313, 317, 101 N.W.2d 200, 204 (1960).

2. In a December 1987 deposition, the employee said the incident occurred at 3:00 p.m.

ee's April 1987 deposition in which he denied low back problems before working for McCombs–Knutson beginning in late April 1986. Evidence was also introduced which documented the employee's extensive prior medical history of low back problems. In addition, Paul Schoborg testified that he had no recall of a slip and fall on March 25, 1986 or of any similar incident. He further testified that it was doubtful he would have forgotten an incident like that if it had happened.

In connection with his claim of a *Gillette*-type injury at McCombs–Knutson, the employee testified his work was arduous and aggravated his back condition. This testimony was contradicted by the testimony of a McCombs–Knutson co-employee who said the employee did not do any of the heavy physical labor involved in the surveying job.

■ Finding a "substantial portion" of the employee's testimony lacking in credibility, the compensation judge denied the claim, concluding that the employee failed to prove he had sustained a work-related slip and fall on March 25, 1986, or a *Gillette*-type injury as of November 18, 1986. The compensation judge's decision, which was in essence a credibility determination, was premised on the inconsistencies in the employee's sworn testimony, the absence of documentation of a work-related injury made contemporaneously at the time of the first alleged work injury, and the testimony of the Schoborg Land owner/co-worker and the McCombs–Knutson co-worker, which contradicted the employee's claims.

■ The employee appealed, and the Workers' Compensation Court of Appeals reversed by majority decision. The majority concluded that the compensation judge improperly rejected the testimony of the employee and that otherwise the record did not support his findings of fact. By writ of certiorari, Schoborg Land and McCombs–Knutson have sought review of that decision.

The employers argue, as did the dissenting panel member, that the majority of the Workers' Compensation Court of Appeals panel failed to give due weight to the compensation judge's opportunity to determine the credibility of the witnesses, improperly and without justification substituting its own view on that issue, and also failed to accept inferences the compensation judge had reasonably drawn from the evidence. *See Hodge v. Hodge Constr.*, 376 N.W.2d 694, 697–98 (Minn.1985). We agree.

The employee has the burden of establishing that a work-related injury caused his or her disability. *Salmon v. Wheelabrator Frye*, 409 N.W.2d 495, 497 (Minn. 1987). In addition, the assessment of witnesses' credibility is the unique function of the trier of fact. *Even v. Kraft, Inc.*, 445 N.W.2d 831 (Minn.1989); *Brennan v. Joseph G. Brennan, M.D., P.A.*, 425 N.W.2d 837, 839–40 (Minn.1988). In the memorandum attached to his decision, the compensation judge noted the inconsistencies in the employee's testimony as they related to material issues in his claim for compensation. The compensation judge documented the inconsistencies of the employee's testimony and the testimony in contravention of the employee's claim. In determining that the employee had failed to establish his back condition was work-related, the compensation judge essentially determined that he did not believe the employee's assertions in that regard. From our independent review of the records in this matter, we believe the compensation judge's decision was justifiable and that his findings were supported by evidence that a reasonable mind would accept as adequate. By substituting its own credibility assessment, the panel majority of the Workers' Compensation Court of Appeals exceeded its authority and abused its reviewing function on factual issues. *See Redgate v. Sroga's Standard Serv.*, 421 N.W.2d 729, 734 (Minn. 1988); *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 60–61 (Minn.1984). We therefore reverse the decision of the Workers' Compensation Court of Appeals and reinstate the decision of the compensation judge.

Reversed and decision of compensation judge reinstated.