Hank SCHNIDER, Respondent,

v.

H.G. SCHNIDER and Employee Benefit Administration, Relators.

No. C3-89-1607.

Supreme Court of Minnesota.

Dec. 22, 1989.

Andrew J. Morrison, Barbara G. Lawton, Koll, Morrison & Charpentier, St. Paul, for appellant.

counsel comply with Rule 35.04 and seek an order to depose.

Law Office of Scott Alan Wilson, Scott Alan Wilson, St. Paul, for respondent.

Robert D. Johnson, Kathleen Mock, St. Paul, for amicus curiae Ins. Federation of Minnesota.

SIMONETT, Justice.

The Workers' Compensation Court of Appeals (2–to–1) awarded the employee reimbursement for therapeutic massage treatments. We reverse.

On June 15, 1983, the employee sustained a job-related personal injury to his cervical spine. On recommendation of his chiropractor, the employee consulted an orthopedic physician at the St. Anthony Orthopedic Clinic. The physician diagnosed a severe aggravation of a pre-existing disc degeneration and prescribed conservative care, including physical therapy. For about a year the employee received physical therapy at the St. Anthony Clinic under the direction of the physician.

In December 1987, the employee wrote a letter to his physician reporting that he had been receiving "deep athletic-type therapeutic massages" from a massage therapist at the Professional Massage Center in St. Paul. The employee inquired whether the St. Anthony Clinic could provide "deep therapeutic massage" or whether a medical referral could be made to the Professional Massage Center so that the insurance company would pay the cost. In January 1988, the employee's physician wrote a prescription for "professional therapeutic massage" twice a month. In May 1988, the employee's physician wrote a second prescription for "therapeutic massages" on a weekly basis.

Thereafter the employee submitted claims to the employer/insurer for 10 therapeutic massage sessions at the Western Reserve Club in Tempe, Arizona, from January 21, 1988, to March 30, 1988, and for 32 therapeutic massage sessions at the Professional Massage Center in St. Paul from April 6, 1988, to November 29, 1988. The charges varied in amount from $25 to $32 per visit for a total bill of $1,248. The employer/insurer denied liability.

The compensation judge denied recovery for the claimed expenses on two grounds: First, he ruled there was no liability under Minn.Stat. § 176.135 (1988) for massage-type treatment by a masseuse or masseur; and, secondly, he held that the evidence was insufficient to support a finding that the massages were *necessary* to cure and relieve the effects of the employee's 1983 work injury. On appeal, the Workers' Compensation Court of Appeals reversed. The panel majority ruled that medically prescribed therapeutic massages by someone other than a medical provider were statutorily compensable and found that the massages were necessary treatment. The dissenting member of the panel would have affirmed the compensation judge's finding that the massage treatments were unnecessary.

The parties agree that massage therapy is a compensable medical or health service under the Act. The dispute centers on who may perform the massages. The employer/insurer argue that the massage treatments in this case were not reimbursable because they were provided by medically untrained, unlicensed, and unsupervised individuals.[1] The employer/insurer contend that Minn.Stat. § 176.135[2] authorizes the

---

1. The masseur at the Professional Massage Center was licensed by the City of St. Paul to conduct the business of a massage therapist. There was no showing, however, that he was licensed by the state as a medical health care provider.

2. Minn.Stat. § 176.135, subd. 1(a) (1988), provides in relevant part:

   The employer shall furnish any medical, chiropractic, podiatric, surgical and hospital treatment, including nursing, medicines, medical, chiropractic, podiatric, and surgical supplies, crutches and apparatus, including artificial members, or, at the option of the employee, if the employer has not filed notice as hereinafter provided, Christian Science treatment in lieu of medical treatment, chiropractic medicine and medical supplies, as may reasonably be required at the time of the injury and any time thereafter to cure and relieve from the effects of the injury. This treatment shall include treatments necessary to physical rehabilitation. * * *

payment of massage treatment when performed under a doctor's supervision; and they further argue that the statute and rules specify that the therapy be given only by a chiropractor or a registered physical or occupational therapist. The requirement that massages be prescribed by and performed under the direction and control of a physician seems to be contemplated by the statute. *See Ross v. Northern States Power Co.*, 442 N.W.2d 296 (Minn.1989) (section 176.135, subd. 1(a) requires payment of nursing care provided by family member when performed under the direction and control of a physician); *see generally* 2 A. Larson, *The Law of Workmen's Compensation* § 61.13(c)(3) (1987 and Supp.1988). It is less clear, however, whether our law requires that massage therapy be given only by a therapist registered by the Board of Medical Examiners. We have reviewed the statutes and regulations cited by the parties and find them to be of little help.[3] Moreover, the record before us is simply insufficient for resolution of this issue. We decline, therefore, to reach the question.

For our purposes here, it is enough to hold that even if massages by a medically unlicensed masseur were to be assumed reimbursable, the employee in this case has failed to show the massages were treatment reasonably required to treat the employee's injury. The compensation judge so found, and his findings, supported by the evidence, must be affirmed. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984). The physician's cryptic prescriptions were addressed to no one in particular with no indication why the massages were to be given. There were no reports from the masseur and no directions or supervision from the physician to the masseur. The record tells us nothing about the nature of the treatments. We might add that the record says nothing about the qualifications of those giving the

massages at either the Western Reserve Club in Arizona or the Professional Massage Center in St. Paul, except that the latter holds a business license from the city.

We reverse the decision of the Workers' Compensation Court of Appeals.

Reversed.

---

3. For example, Minn.Stat. § 176.011, subd. 24 (1988), lists those individuals who are deemed health care providers under the Act and massage therapists are not specifically listed. Yet the definition also states that a health care provider may be "any other person" who furnishes a medical or health care service to the injured employee. On the other hand, the regulations governing physical and occupational therapists, although dealing with a maximum fee schedule, indicate therapists treating injured workers are subject to rather close supervision. *See* Minn.R. 5221.2100, 5221.2800, and 5221.2900 (1989).