Dean W. STILLSON, deceased, by Mary STILLSON, Respondent,

v.

PETERSON & HEDE COMPANY and Employers Insurance of Wausau, Relators,

and

Asbestos Products, Inc. and General Insurance Company of America, William Poppenberger & Son, Inc. and Employers Insurance of Wausau, Conroy Brothers and Bituminous Insurance Company, Sander & Company, Inc. and Agricultural Insurance Company, Artcraft Company and Federated Mutual Insurance Company, Respondents,

Johnson Brothers, Compensation Insurer Unknown, Lower Court Respondent,

FMC Corporation and Liberty Mutual Insurance Company, Respondents,

and

St. Paul Life Insurance Company and Group Health Plan, Inc., intervenors, Respondents,

and

Special Compensation Fund, Respondent.

No. C3-89-1784.

Supreme Court of Minnesota.

April 27, 1990.

Candice E. Hektner, Chadwick, Johnson & Condon, P.A., Minneapolis, for relator.

William R. Howard, Asst. Atty. Gen., St. Paul, for Special Comp. Fund.

Steven D. Hawn, St. Paul, for Dean Stillson, et al.

Patrick E. Mahoney, Minneapolis, for Asbestos Products, Inc., et al.

Joseph A. Klimek, Minneapolis, for William Poppenberger & Son, et al.

John R. Bridell, Minneapolis, for Conroy Brothers, et al.

Larry J. Peterson, St. Paul, for Sander & Co., et al.

Mark A. Fonken, St. Paul, for Artcraft Co., et al.

Bruce B. Bundgaard, Minneapolis, for FMC Corp., et al.

**432**

Marjorie M. Kress–Joanis, St. Paul, for St. Paul Life Ins. Co.

Randall W. Sayers, St. Paul, for Group Health.

COYNE, Justice.

Concluding that an asbestos worker's claim for workers' compensation benefits for disability resulting from lung cancer was not barred by the statute of repose in effect in 1967 when the employee was last exposed to asbestos,[1] the Workers' Compensation Court of Appeals reversed the denial of the claim and remanded to the office of administrative hearings for determination of the appropriate amount of temporary total disability benefits and compensation payable to the employee's surviving spouse and for determination of entitlement to permanent partial disability benefits. We affirm the decision of the WCCA.

From 1948 until 1967 Dean Stillson worked in the plastering trade for a number of employers, one of whom was Peterson & Hede Company. During the course of his employment in this trade, he had significant exposure to products containing asbestos. In 1967, the employee left the plastering trade for personal reasons unrelated to his health. In 1969, he began working for the Minnesota Department of Transportation. In June 1979, he was diagnosed as having asbestosis, but he was able to continue working at the Department of Transportation. In December 1985, he was diagnosed as having lung cancer. By April 2, 1986, he was no longer able to work. The lung cancer metastasized to his brain, and cancer caused his death on November 29, 1987.

Prior to his death, the employee initiated proceedings to secure workers' compensation for both the asbestosis and lung cancer; following his death, a claim for dependency benefits was filed on behalf of the employee's surviving spouse. The compensation judge found that the employee's substantial exposure to asbestos caused his pulmonary asbestosis, which was in turn a substantial cause of the development of his lung cancer, and that the employee's last significant and substantial exposure to asbestos occurred during his employment with Peterson & Hede Company. The compensation judge also determined that the 1967 law did not provide compensation for the employee's permanent partial disability and he denied the claim in its entirety on the ground that it was barred by the statute of repose.

On appeal, the WCCA, sitting en banc, affirmed the denial of benefits for asbestosis but reversed with respect to benefits for employee's lung cancer. The WCCA determined that asbestosis and lung cancer were separate disease processes, that the statute of repose did not bar the claim for lung cancer, and that the date of disablement from lung cancer, April 2, 1986, governed the award of benefits. The WCCA then awarded wage loss and dependency benefits in an undetermined amount and remanded the matter for determination of that amount and of entitlement to permanent partial disability benefits. By writ of certiorari, Peterson & Hede seeks review of the award of compensation; and by notice of review, the deceased employee's surviving spouse challenges the constitutionality of the statute of repose and cases construing that statute.

With respect to the cause of the employee's cancer, we agree with the WCCA's evaluation of the medical evi-

---

1. Minn.Stat. § 176.66, subd. 3 (1967), the statute of repose for occupational diseases, provides in relevant part:

   Neither the employee nor his dependents are entitled to compensation for disability or death resulting from occupational disease, unless such disease is due to the nature of his employment * * * and was contracted therein within 12 months previous to the date of disablement; except in the case of silicosis or asbestosis, in which cases disablement of the employee must occur within three years from the date of such employee's last exposure with an employer in an employment to the nature of which the disease may have been a hazard * * *.

   Subdivision 3 was repealed effective July 1, 1973. Act of May 24, 1973, ch. 643, §§ 12, 13, 1973 Minn.Laws 1594.

dence: the medical experts agreed that exposure to asbestos in the course of the employee's work as a plasterer contributed substantially to the development of his lung cancer. We do observe that because lung cancer is a disease whose etiology is not limited to exposure to asbestos, the presence of work-related asbestosis provides a recognizable link in the establishment of a causal relationship between the work and the cancer which might otherwise be difficult to prove, and it may be that that circumstance skewed the compensation judge's analysis. In any event, if, as the employer contends, the WCCA's decision can be viewed as the reversal of a factual determination, we are of the view that the WCCA did not exceed its authority in this instance. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 61 (Minn. 1984).

■ We also agree that where the medical evidence compels the conclusion that the employee's lung cancer was causally related to his exposure to asbestos in the workplace, the three-year limitation for silicosis and asbestosis in the 1967 statute of repose did not bar workers' compensation claims related to the disability resulting from cancer. The plain language of the exception in the statute of repose restricts its application to asbestosis and silicosis. *See Dunn v. Vic Mfg. Co.*, 327 N.W.2d 572, 575 (Minn.1982). Occupational diseases other than asbestosis and silicosis are compensable if the disease was contracted within 12 months previous to the date of disablement. Minn.Stat. § 176.66, subd. 6 (1967). Here, employee's cancer was not diagnosed until December 1985. For purposes of the Workers' Compensation Act, however, an employee is said to have "legally contracted" an occupational disease when the disease "interfere[s] with bodily functions to such an extent that the employee can no longer substantially perform the duties of his employment." *Dunn*, 327 N.W.2d at 575 [quoting *Anderson v. City of Minneapolis*, 258 Minn. 221, 226, 103 N.W.2d 397, 401 (1960)]. Here the employee both contracted lung cancer and was disabled because of it on April 2, 1986 when he was no longer

able to earn full wages at his previous employment. *See Green v. Boise Cascade Corp.*, 377 N.W.2d 924, 925 (Minn.1985). Accordingly, the 1967 statute of repose does not bar the claim for compensation for lung cancer.

■ As in any other occupational disease case, then, entitlement to benefits in this case is fixed by the law in effect on April 2, 1986, the date of disablement on account of lung cancer. *Moes v. City of St. Paul*, 402 N.W.2d 520, 523 (Minn.1987). The WCCA ruled that the employee was entitled to temporary total disability benefits and reimbursement of medical expenses from April 2, 1986 until his death on November 29, 1987—all payable to his dependent spouse pursuant to Minn.Stat. § 176.021, subd. 3 (1986)—and that his dependent spouse was entitled to dependency benefits pursuant to Minn.Stat. § 176.111, subd. 6 (1986). Inasmuch as the compensation judge made no findings with respect to the employee's wage rate, the WCCA correctly ordered the amount of employee's benefits and his dependent's benefits to be determined on remand based on the employee's wage on April 2, 1986, pursuant to Minn. Stat. §§ 176.111, subd. 6 and 176.66, subd. 11 (1986).

■ The WCCA also correctly ruled that the law in effect on the date of disablement, not the law in effect on the date of last exposure to asbestos, controls the right to permanent partial disability benefits as well as the right to compensation for wage loss. *See Polaschek v. Asbestos Products, Inc.*, 361 N.W.2d 37, 42 (Minn. 1985); *Robin v. Royal Improvement Co.*, 289 N.W.2d 76, 79 (Minn.1979). It remanded for a determination with respect to entitlement to permanent partial disability of the lungs pursuant to Minn.Stat. §§ 176.-021, subd. 3 and 176.101, subd. 3r(e) (1986), and also the applicable provisions of the Department of Labor and Industry permanent disability schedules in effect on April 2, 1986. Although consideration of Minn. Stat. § 176.66, subd. 11 (1986), on remand is implicit in the direction to determine entitlement to permanent partial disability

benefits, in view of the continuing sharp disagreement between the parties with respect to the applicability of section 176.66, subd. 11, to permanent partial disability benefits, the absence of express reference to that section in the WCCA's decision should not foreclose consideration of its applicability on remand.

In view of the foregoing disposition of this matter, we see no need to address the constitutionality of the 1967 statute of repose and the case law construing that statute. Our review of the record convinces us that the remaining issues raised by the parties were decided appropriately.

Employee is awarded $800 in attorney fees on appeal.

Affirmed.

KELLEY, J., took no part in the consideration or decision of this case.