**Tammy R. FISCHER, Respondent,**

v.

**SAGA CORPORATION and Cigna Insurance Company, Relators.**

No. C7–90–1924.

Supreme Court of Minnesota.

Nov. 30, 1990.

Peter M. Banovetz, Gilmore, Aafedt, Forde, Anderson & Gray, Minneapolis, for relators.

James W. Buckley, Mary E. Christenson, James W. Buckley & Associates, Minneapolis, Hubert H. Humphrey III, Office of Atty. Gen., St. Paul, for respondent.

YETKA, Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals reversing a compensation judge's findings pertaining to a denial of wage loss benefits and rehabilitation services. We reverse and reinstate the decision of the compensation judge.

On February 20, 1986, Tammy Fischer sustained a work-related injury to her right shoulder while employed by Saga Corporation. In December 1988, the employee filed a claim for workers' compensation rehabilitation and wage loss (temporary total/temporary partial) benefits. The compensation judge before whom the matter was litigated denied the employee's claim, finding that there was insufficient evidence to establish that any claimed wage loss was causally related to her work injury. On appeal, the Workers' Compensation Court of Appeals panel affirmed the denial of temporary partial benefits but reversed the denial of temporary total and rehabilitation benefits.

As we have said before, the claimant has the burden of proving, by a fair preponderance of the evidence, that he or she is entitled to workers' compensation benefits. *E.g., Tolzmann v. McCombs–Knutson Associates,* 447 N.W.2d 196, 198 (Minn.1989). Having thoroughly reviewed the entire record in this matter with a great deal of care and concern, we can only conclude

that the compensation judge's factual determinations had substantial evidentiary support and that the compensation judge's decision was subject to affirmance by the Workers' Compensation Court of Appeals. *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54, 59–60 (Minn.1984). While there may be instances in which the Workers' Compensation Court of Appeals may be justified in reversing a compensation judge's factual determination, *e.g., Stillson v. Peterson & Hede Co.,* 454 N.W.2d 430, 433 (Minn.1990), this is not one of them. We, therefore, reverse the decision of the Workers' Compensation Court of Appeals and reinstate the decision of the compensation judge.

Reversed and decision of compensation judge reinstated.