Tammy R. FISCHER, Relator,

v.

SAGA CORPORATION and Cigna
Insurance Company,
Respondents.

No. C3–92–2542.

Supreme Court of Minnesota.

April 9, 1993.

James W. Buckley and James J. Sieben,
Minneapolis, for relator.

Peter M. Banovetz, David A. Schooler,
Charles S. Bierman, Minneapolis, for re-
spondents.

SIMONETT, Justice.

We affirm in part and reverse in part a
decision of the Workers' Compensation
Court of Appeals relating to attorney fees.

In December 1988 employee Tammy R.
Fischer filed a claim for compensation ben-
efits. The compensation judge awarded
medical expenses (while denying benefits)
but declined to award *Roraff* fees because
there was "no evidentiary basis" for doing
so. *See Roraff v. State, Department of
Transportation,* 288 N.W.2d 15 (Minn.
1980); Minn.Stat. § 176.135, subd. 1. The
compensation judge noted that the employ-
ee's attorney had announced an intention at
the beginning of the hearing to make a
possible claim for attorney fees but failed
to put in any evidence. "[I]f such claim is
eventually made," the judge stated, "anoth-
er hearing date must be established in or-
der to take testimony and receive evidence
on such an issue."

The judge's decision was appealed to the
WCCA, which reversed the compensation
judge and awarded benefits. This court
granted certiorari and, in November 1990,
reversed the WCCA and "reinstate[d] the
decision of the compensation judge."
*Fischer v. Saga Corp.,* 463 N.W.2d 501
(Minn.1990).

While this proceeding was wending its
way, the employee, following shoulder sur-
gery, filed another claim petition in Novem-
ber 1989. This time the compensation
judge awarded benefits and the WCCA af-
firmed.

In December 1991, the employee's attor-
ney filed a petition for attorney fees, which
included a claim for *Roraff* fees for the
medical expenses recovered in the earlier
1988 proceeding. The compensation judge
awarded attorney fees including $4,678.50
for the 1988 claim. The WCCA affirmed
the compensation judge's award except for

the $4,678.50, reasoning that res judicata barred the award.

We agree with the employee's attorney that his claim for *Roraff* fees for the first award of medical expenses is not barred by res judicata. *See* 3 Larson, *The Law of Workmen's Compensation* § 79.72(f) at 15–426.272(100) (1992) ("res judicata does not apply if the issue at stake was not specifically decided in the prior proceeding * * *."). *See also Westendorf v. Campbell Soup Co.,* 309 Minn. 550, 243 N.W.2d 157 (1976). It is clear the claim for fees was not decided by the compensation judge but was expressly left open for later determination. When this court reinstated the judge's decision, we did no more than affirm that the *Roraff* fee issue remained open for determination.

As for the employer-insurer's objection to any amount of *Roraff* fees and the employee's disallowed claim for additional appellate fees, we agree with the WCCA and affirm its disposition. We reverse only as to the *Roraff* fees above referred to, which are reinstated.

Reversed in part and affirmed in part.