**Krystyna SKOWRON, Relator,**

v.

**SIMER PUMP COMPANY and Hartford Insurance Company, Respondents.**

No. C9–93–1681.

Supreme Court of Minnesota.

Dec. 3, 1993.

---

Wilbur W. Fluegel, Michael A. Rayer, St. Paul, for relator.

Eugene J. Flick, Minneapolis, for respondent.

PAGE, Justice.

We review by certiorari a decision of the Workers' Compensation Court of Appeals reversing a determination of primary liability. We reverse.

Krystyna Skowron worked for Simer Pump Company on the nonmercury float switch line, assembling and testing electrical cords. In mid-July 1991, Skowron reported to her employer's Human Resource Administrator that she had been having arm and hand pain after receiving an electrical shock while testing cords. After the injury report, her employer learned of similar incidents with other employees and shut the line down until the maintenance department could resolve the problem. Employee filed a claim petition, seeking various benefits for the physical injury. She also claimed she had sustained a mental injury as a consequence of the physical injury. The compensation judge determined employee had sustained a compensable physical injury and awarded $2,354 in temporary total compensation. The judge rejected her mental injury claim. On appeal, the Workers' Compensation Court of Appeals reversed, concluding the employee did not establish "that an alleged electric shock injury causally related to her employment occurred." *Skowron v. Simer Pump Company,* — Minn. Workers' Comp. Dec. ——, slip op. at 10 (WCCA, filed August 3, 1993).

Whether an injury occurred at work is a factual determination, depending to a large extent on the credibility attached by the trier of fact to the testimony of the various witnesses. The assessment of witness' credibility is the unique function of the trier of fact. *Tolzman v. McCombs–Knutson Associates,* 447 N.W.2d 196, 198 (Minn.1989). It is not the function of the reviewing court to evaluate "the credibility and probative value of witness testimony and to choose different inferences from the evidence than the compensation judge." *Redgate v. Sroga's Standard Service,* 421 N.W.2d 729, 734 (Minn.1988); *see also Luthens v. Glencoe Red & White Store,* 264 Minn. 26, 31, 117 N.W.2d 386, 389 (1962). We believe there was sufficient evidentiary support for the compensation judge's primary liability determination and award of wage loss benefits. As for the dispute over rehabilitation assistance, the compensation judge merely allowed for a consultation with a qualified rehabilitation consultant as required by Minn. Stat. § 176.102 (1992), and did not determine whether the employee is eligible for further assistance. Consequently, we reverse the decision of the Workers' Compensation Court

**162**

of Appeals and reinstate the decision of the compensation judge.

Reversed and decision of compensation judge reinstated.

Employee is awarded $400 in attorney fees.