Margaret MANDERFELD, Relator,

v.

**J.C. PENNEY and Liberty Mutual Insurance Company, Respondents.**

No. C6-94-1003.

Supreme Court of Minnesota.

Jan. 6, 1995.

Russell J. LaCourse, Eric P. Steeves, James Courtney, III, Law Offices, P.A., Duluth, for relator.

Greg King, Johnson, Killen, Thibodeau & Seiler, P.A., Duluth, for respondents.

### OPINION

GARDEBRING, Justice.

We reverse a decision of the Workers' Compensation Court of Appeals (WCCA) relating to the forfeiture of benefits.

Margaret Manderfeld sustained a compensable injury on May 8, 1991, while employed by a J.C. Penney store as an assistant in the visual merchandise department. As a result of her injury, Manderfeld was unable to re-

turn to her pre-injury job. In October 1992, after Manderfeld failed to accept a formal offer of alternate employment, J.C. Penney and its workers' compensation insurer, Liberty Mutual Insurance Company, initiated proceedings to discontinue payment of wage loss benefits pursuant to Minn.Stat. § 176.101, subd. 3e or 3f. Following an administrative conference, wage loss compensation was discontinued on grounds Manderfeld had rejected an offer of employment meeting the criteria of subdivision 3f, not subdivision 3e. Manderfeld sought review *de novo* before a compensation judge who affirmed the discontinuance on grounds of a rejection of employment meeting the criteria of subdivision 3e. Within 14 days of the compensation judge's decision, Manderfeld attempted to accept the employment offer, but J.C. Penney had already filled the position. On appeal, the WCCA affirmed the compensation judge's decision. *Manderfeld v. J.C. Penney Co.*, 48 W.C.D. 411 (1993) (*Manderfeld I* ).

Manderfeld subsequently filed a claim for payment of rehabilitation expenses. The compensation judge denied the claim, concluding benefits were barred by the forfeiture provision, Minn.Stat. § 176.101, subd. 3n, because Manderfeld had failed to accept an offer of 3e employment. The compensation judge further determined that Minn. Stat. § 176.101, subd. 3e(e)[1] only extended the time for accepting a work offer to within 14 days of the commissioner's decision. The compensation judge also found that certain chiropractic charges were not reasonable or necessary. On appeal, the WCCA affirmed the denial of rehabilitation, reasoning the claim was barred by principles of *res judicata*.

■ We agree with the employee that principles of *res judicata* have no application here. The question is whether review *de novo* by a compensation judge tolls the limitation period for accepting an offer of 3e employment. Where the issue was whether the job was 3e employment, the question simply did not arise until the compensation judge decided the work offer met the statutory criteria for 3e employment. *See Fischer v. Saga Corp.*, 498 N.W.2d 449, 450 (Minn. 1993).

As for the merits of the limitations issue, we agree with the compensation judge that Minn.Stat. § 176.101, subd. 3e(e) applies to the commissioner's determination of "3e" employment, not to a determination of "3f" employment, which was the situation here. There is no requirement to accept an offer of 3f employment, but rejection of 3f employment results only in the discontinuance of temporary total compensation. Rejection of 3e employment is another matter.

> The act deals firmly, indeed rather harshly, with an employee who rejects a job offer meeting the criteria of section 176.101, subd. 3e(b): compensation for permanent partial disability is paid as impairment compensation; temporary total compensation ceases at the time the job is refused; 'no further or additional temporary total compensation is payable for that injury;' and the employee is denied entitlement to both temporary partial compensation and rehabilitation. Minn.Stat. § 176.101, subds. 3l and 3n (1992).

*O'Mara v. State, Univ. of Minnesota*, 501 N.W.2d 603, 607 (Minn.1993), *reh'g denied* (Minn. July 15, 1993).

As originally enacted in 1983, the "two-tier" benefits system provided a means for obtaining an administrative ruling on questions concerning maximum medical improvement and employment offers.[2] That process

---

**1.** Minn.Stat. § 176.101, subd. 3e(e) (1993) provides in relevant part:

> The employee has 14 calendar days after receipt of the written description and offer to accept or reject the job offer. If the employee does not respond within this period it is deemed a refusal of the offer. Where there is an administrative conference to determine suitability under section 176.239, the period begins to run on the date of the commissioner's decision.

**2.** Minn.Stat. § 176.101, subd. 3v (1983), *repealed by* Act of May 29, 1987, ch. 332, § 117, 1987 Minn.Laws 2025. If, for example, an employee questioned whether an offer of employment met the statutory criteria, the employee could request an administrative conference so as to obtain a ruling, and the 14–day period for responding to the offer would commence on the date of the commissioner's decision. Minn.Stat. § 176.101, subd. 3e(e) (1983). Also, if a party sought review of the commissioner's determination as to maxi-

was eliminated, however, in 1987 when the legislature replaced the "triple-track" dispute resolution system, with a "single track" system, the purpose of which was to "provide a procedure for parties to obtain an expedited interim administrative decision in disputes over discontinuance of temporary total, temporary partial, or permanent total compensation." Act of May 29, 1987, ch. 332, §§ 66, 117, 1987 Minn.Laws 2004, 2025.[3] As a result, resolution of disputes over maximum medical improvement and work offers are now incorporated with disputes concerning wage loss benefits without special mention as to the effect an appeal has on the limitation periods that depend on MMI and 3e employment offers.[4] If strictly construed then, as the employer/insurer contend in this case, the failure of an employee to accept what is only later finally declared 3e employment, within 14 days of the offer, results in significant forfeiture.

 To be sure, workers' compensation is purely a legislative creation. Nonetheless, "[b]asic fairness requires that the parties in a workers' compensation proceeding be afforded reasonable notice and an opportunity to be heard before decisions concerning entitlement to benefits can be made." *Kulenkamp v. Timesavers, Inc.*, 420 N.W.2d 891, 894 (Minn.1988). Where substantial due process considerations are at stake, it seems to us the parties in a workers' compensation proceeding are entitled to those procedural safeguards normally attendant to an appeal. Consequently, we hold that if a party seeks review of a determination of the commissioner or a compensation judge that a job offer meets the criteria of section 176.101, subdivision 3e, the 14–day period referred to in that subdivision is tolled and commences on the date of the filing of a final determination on

the issue. We therefore reverse the decision of the WCCA and remand the matter for reconsideration of the rehabilitation claim.

As for the chiropractic charges, we have carefully reviewed the record and hold the compensation judge's decision is supported by substantial evidence. *Schnider v. H.G. Schnider*, 449 N.W.2d 171 (Minn.1989); *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984).

Reversed and remanded.

Employee is awarded $400 in attorney fees.

STRINGER, J., took no part in the consideration or decision of this case.

---

3. Most likely out of inadvertence, subdivision 3e(e) of section 176.101, which extended the time mum medical improvement or offer of employment, the 90–day period would not begin to run until final determination. Minn.Stat. § 176.242, subd. 6 (1983), *repealed by* Act of May 29, 1987, ch. 332, § 117, 1987 Minn.Laws 2025. In 1986, Minn.Stat. § 176.101, subd. 3e(e) was amended to include a reference to subdivision 3v. Act of March 25, 1986, ch. 461, § 8, 1986 Minn.Laws 947.

to accept an offer of employment when there was an administrative conference "under section 176.101, subdivision 3v, or 176.242" was not changed by the 1987 amendments. In 1989, however, by revisor's instruction, "section 176.239" was substituted for sections 176.101, subdivision 3v and 176.242. Act of May 23, 1989, ch. 209, art. 2, § 24, 1989 Minn.Laws 619.

4. Minn.Stat. § 176.238, .239 (1994).